**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ZOGENIX, INC., ZOGENIX INTERNATIONAL LTD., KATHOLIEKE UNIVERSITEIT LEUVEN, and UNIVERSITY HOSPITAL ANTWERP<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LTD.,<br><br>Defendant. | C.A. No. _____ |

## COMPLAINT

Zogenix, Inc. and Zogenix International Ltd. (collectively "Zogenix"), and Katholieke Universiteit Leuven and University Hospital Antwerp (collectively "the Universities") for their Complaint against Lupin Limited ("Defendant" or "Lupin") allege as follows:

## NATURE OF ACTION

1.      This is an action by Zogenix and the Universities against Lupin for infringement of United States Patent Nos. 9,549,909 ("the '909 patent"), 9,603,814 ("the '814 patent"), 9,603,815 ("the '3815 patent"), 9,610,260 ("the '260 patent"), 10,478,441 ("the '441 patent"), 10,478,442 ("the '442 patent"), and 10,947,183 ("the '183 patent") (collectively, "the Asserted Patents").

2.      This action arises out of Lupin's filing of Abbreviated New Drug Application ("ANDA") No. 216218 seeking approval by the United States Food and Drug Administration ("FDA") to sell generic copies of Zogenix's FINTEPLA® (fenfluramine) oral solution, CIV (DEA Schedule IV controlled substance) product prior to the expiration of the Asserted Patents.

Lupin's proposed generic fenfluramine hydrochloride oral solution, 2.2 mg base/mL product that is the subject of Lupin's ANDA No. 216218 is referred to herein as "Lupin's ANDA Product."

## THE PARTIES

3.      Plaintiff Zogenix, Inc. is a corporation organized and existing under the laws of Delaware and having a place of business at 5959 Horton Street, Emeryville, CA 94608. Zogenix, Inc. is a global biopharmaceutical company that develops and commercializes therapies for rare diseases.  Zogenix, Inc. owns approved New Drug Application ("NDA") No. 212102 for 2.2 mg/mL fenfluramine for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older, which Zogenix sells under the registered name Fintepla. Zogenix, Inc. has the sole right to market Fintepla in the United States.

4.      Plaintiff Zogenix International Ltd. is a corporation organized and existing under the laws of the England and Wales and having a place of business at The Pearce Building, West Street, Maidenhead, Berkshire SL6 1RL, UK.  Zogenix International Ltd. is a wholly owned subsidiary of Zogenix, Inc.  Zogenix International Ltd. owns certain Asserted Patents and has an exclusive license from the Universities to the other Asserted Patents.

5.      Plaintiff Katholieke Universiteit Leuven ("KU Leuven") is a public institution organized and existing under the laws of Belgium and having a place of business at Oude Markt 13, 3000 Leuven, Belgium.  KU Leuven co-owns certain of the Asserted Patents with University Hospital Antwerp.

6.      Plaintiff University Hospital Antwerp (also known as "Universitair Ziekenhuis Antwerpen" or "UZA") is a hospital organized and existing under the laws of Belgium and having a place of business at Wilrijkstraat 10, 2650 Edegem, Belgium.  University Hospital Antwerp co-owns certain of the Asserted Patents with KU Leuven.

2

7.      Upon information and belief, Lupin Limited is a corporation organized under the laws of India and its principal place of business is located at 3rd Floor, Kalpataru Inspire, Off Western Express Highway, Santacruz (E), Mumbai 400 055, India.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35, United States Code.

9.      The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10.      This Court has personal jurisdiction over Lupin Limited. under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, Lupin Limited is organized under the laws of India.

11.      This Court has personal jurisdiction over Lupin Limited because at least one of the provisions under Del. Code Ann. Tit. 10, § 3104, is satisfied.

12.      Upon information and belief, Lupin satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), and § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State").

13.      This court also has personal jurisdiction over Lupin Limited because this suit arises out of and relates to Lupin Limited's activities, in concert with its U.S subsidiaries organized under the laws of the State of Delaware, that are, and will be, directed to Delaware.

14.     Upon information and belief, following any FDA approval of the Lupin's ANDA, Lupin Limited, in concert with its Delaware-incorporated U.S. subsidiaries, will market and sell Lupin's ANDA Product that is the subject of the infringement claims in this action in the State of Delaware and throughout the United States, including in this Judicial District.

15.     Upon information and belief, Lupin Limited, directly and through its subsidiaries, affiliates, or agents, including its Delaware-incorporated U.S. subsidiaries, is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of Delaware and throughout the United States.

16.     Upon information and belief, Lupin Limited and its Delaware incorporated U.S. subsidiaries are agents of each other and/or work in concert with each other on the development, obtaining of regulatory approval, manufacture, marketing, sale, and/or distribution of generic drugs, including Lupin's ANDA Product.

17.     Upon information and belief, and as indicated by the Notice Letter, Lupin prepared and filed ANDA No. 216218 with the intention of seeking to market Lupin's ANDA Product nationwide, including within this Judicial District.

18.     Lupin's infringing activities with respect to its filing of ANDA No. 216218 and its intent to commercialize and sell Lupin's ANDA Product have led and/or will lead to foreseeable harm and injury to Zogenix and the Universities.

19.     Venue is proper in this Judicial District under 28 U.S.C. § 1391 and § 1400(b) with regard to Lupin Limited, because, upon information and belief, Lupin Limited is incorporated in India and may be sued in any judicial district in the United States in which Lupin Limited is subject to the Court's personal jurisdiction.

## BACKGROUND

## FINTEPLA

20.     The active ingredient in Zogenix's Fintepla product is fenfluramine hydrochloride.

21.     Zogenix markets Fintepla oral solution that contains 2.2 mg/mL fenfluramine, equivalent to 2.5 mg/mL of the hydrochloride salt.

22.     The FDA-approved Prescribing Information for Fintepla states that fenfluramine hydrochloride is designated chemically as N-ethyl-α-methyl-3-(trifluoromethyl)phenethylamine hydrochloride.  Fenfluramine hydrochloride comprises two stereoisomers in a "racemic mixture," which are referred to as "dexfenfluramine" and "levofenfluramine."

23.     Fenfluramine is an amphetamine analogue that increases the extracellular levels of 5-hydroxytryptamine (5-HT, serotonin) in nervous tissue.

24.     The precise mechanisms by which fenfluramine exerts its therapeutic effects in the treatment of seizures associated with Dravet syndrome are unknown.

25.     It is currently theorized that fenfluramine acts by increasing extracellular levels of serotonin through interaction with serotonin transporter proteins, by exhibiting agonist activity at serotonin 5-HT1D, 5-HT-2A and 5-HT2C receptors, and by positively modulating the sigma-1 receptor.

26.     Fenfluramine was originally approved in the U.S. in 1973 as Pondimin® (20 mg tablets) and Ponderex® (20 mg capsules) for use as an anorectic agent and was prescribed both alone and in combination with phentermine ("fen-phen") as an appetite suppressant for the treatment of adult obesity.

27.     Fenfluramine was withdrawn from the worldwide market in the late 1990's (1997 in the U.S.) due to drug-related left-sided cardiac valvular disease.

28.     On March 8, 1999, fenfluramine and the single stereoisomer dexfenfluramine were included in a Federal Register notice identifying drug products that were withdrawn from the U.S. market due to reasons of safety or effectiveness.

29.     In 2015, the FDA determined that Pondimin® and Ponderex® specifically were withdrawn from the U.S. market due to reasons of safety or effectiveness.

30.     On June 25, 2020, the FDA approved Zogenix's Fintepla product for the treatment of seizures associated with Dravet syndrome in patients aged 2 and older.

31.     Dravet syndrome is a life-threatening, rare and chronic form of epilepsy, often characterized by severe and unrelenting seizures despite medical treatment.

32.     Dravet syndrome is difficult to treat with one or even two drugs, and generally requires three or four drugs to manage its severe and unrelenting seizures.

33.     Zogenix demonstrated the effectiveness of Fintepla for the treatment of seizures associated with Dravet syndrome in combination with stiripentol, clobazam, and valproate in one of two Phase III clinical studies.

34.     The studies measured the change from baseline in the frequency of convulsive seizures.

35.     In these studies, subjects treated with Fintepla in combination with stiripentol, clobazam, and valproate had highly significant greater reductions in the frequency of convulsive seizures during the trials than subjects who received placebo, stiripentol, clobazam, and valproate.  *See*, *e.g.*, Nabbout, R., Mistry, A., Zuberi, S., Villeneuve, N., Gil-Nagel, A., Sanchez-Carpintero, R., *et al*. (2020). Fenfluramine for treatment-resistant seizures in patients with Dravet syndrome receiving stiripentol-inclusive regimens: a randomized clinical trial. *JAMA Neurology*, 77(3), 300-308.  These reductions were seen within 3-4 weeks and remained generally consistent

over the 14- to 15-week treatment periods, and these reductions were similarly observed in long-term, open-label studies.

### Orange Book Listing for FINTEPLA

36.    Zogenix, Inc. holds approved NDA No. 212102 for 2.2 mg/mL fenfluramine for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older, which Zogenix sells under the registered name Fintepla.

37.    Fintepla has Orphan Drug Exclusivity that does not expire until June 25, 2027.

38.    Because of Fintepla's Orphan Drug Exclusivity, no generic version of Fintepla can be marketed until after June 25, 2027.

39.    Pursuant to 21 U.S.C. § 355(b)(1) and the regulations the FDA has promulgated pursuant thereto, the Asserted Patents are among eleven patents listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") for the Fintepla NDA, which appear in the Orange Book as follows:

### Patent Data

| Product No | Patent No | Patent Expiration | Drug Substance | Drug Product | Patent Use Code | Delist Requested | Submission Date |
|---|---|---|---|---|---|---|---|
| 001 | 9549909 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9603814 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9603815 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9610260 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 10452815 | 06/29/2038 | | | U-2859 | | 07/24/2020 |
| 001 | 10478441 | 05/03/2033 | | | U-2860 | | 07/24/2020 |
| 001 | 10478442 | 05/03/2033 | | | U-2860 | | 07/24/2020 |
| 001 | 10603290 | 08/02/2037 | | | U-2861 | | 07/24/2020 |
| 001 | 10947183 | 12/20/2036 | DS | DP | | | 04/06/2021 |
| 001 | 10950331 | 09/28/2035 | | | U-3098 | | 04/06/2021 |

| Product No | Patent No | Patent Expiration | Drug Substance | Drug Product | Patent Use Code | Delist Requested | Submission Date |
|---|---|---|---|---|---|---|---|
| 001 | 11040018 | 08/02/2037 | | | U-2861 | | 07/22/2021 |

### The '909 Patent

40.     On January 24, 2017, the USPTO issued the '909 patent, titled "Method for the Treatment of Dravet Syndrome."  The '909 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '909 patent is attached hereto as Exhibit A.

41.     The claims of the '909 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol, valproate, and clobazam for the treatment of seizures associated with Dravet syndrome.

42.     The expiration date for the '909 patent is May 3, 2033.

### The '814 Patent

43.     On March 28, 2017, the USPTO issued the '814 patent, titled "Method for the Treatment of Dravet Syndrome."  The '814 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '814 patent is attached hereto as Exhibit B.

44.     The claims of the '814 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol, valproate, and clobazam for the treatment of seizures associated with Dravet syndrome.

45.     The expiration date for the '814 patent is May 3, 2033.

**The '3815 Patent**

46.     On March 28, 2017, the USPTO issued the '3815 patent, titled "Method for the Treatment of Dravet Syndrome."  The '3815 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '3815 patent is attached hereto as Exhibit C.

47.     The claims of the '3815 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol, valproate, and clobazam for the treatment of seizures associated with Dravet syndrome.

48.     The expiration date for the '3815 patent is May 3, 2033.

**The '260 Patent**

49.     On April 4, 2017, the USPTO issued the '260 patent, titled "Method for the Treatment of Dravet Syndrome."  The '260 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '260 patent is attached hereto as Exhibit D.

50.     The claims of the '260 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol, valproate, and clobazam for the treatment of seizures associated with Dravet syndrome.

51.     The expiration date for the '260 patent is May 3, 2033.

**The '441 Patent**

52.     On November 19, 2019, the USPTO issued the '441 patent, titled "Method for the Treatment of Dravet Syndrome."  The '441 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '441 patent is attached hereto as Exhibit E.

53.     The claims of the '441 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol for the treatment of seizures associated with Dravet syndrome.

54.     The expiration date for the '441 patent is May 3, 2033.

## The '442 Patent

55.     On November 19, 2019, the USPTO issued the '442 patent, titled "Method for the Treatment of Dravet Syndrome."  The '442 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '442 patent is attached hereto as Exhibit F.

56.     The claims of the '442 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol for the treatment of seizures associated with Dravet syndrome.

57.     The expiration date for the '442 patent is May 3, 2033.

## The '183 Patent

58.     On March 16, 2021, the USPTO issued the '183 patent, titled "Fenfluramine Compositions and Methods of Preparing the Same."  The '183 patent is duly and legally assigned to Zogenix International Ltd.  A copy of the '183 patent is attached hereto as Exhibit G.

59.     The claims of the '183 patent are directed, *inter alia*, an improved form of the fenfluramine active ingredient.

60.     The expiration date for the '183 patent is December 20, 2036.

## Lupin's ANDA No. 216108

61.     By letter dated August 27, 2021 (the "Lupin Notice Letter"), and received by all Plaintiffs by August 31, 2021, Lupin notified Zogenix and the Universities that it had filed

ANDA No. 216218 with the FDA, seeking approval under the Federal Food, Drug and Cosmetic Act to market and sell Lupin's ANDA Product – generic copies of Zogenix's Fintepla product – prior to the expiration of the Asserted Patents.

62.     The Lupin Notice Letter states that ANDA No. 216218 seeks to "obtain approval to engage in the commercial manufacture, use, or sale" of Lupin's ANDA Product prior to the expiration of the Asserted Patents.

63.     The Lupin Notice Letter asserts that ANDA No. 216218 contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(B)(iv)(II) alleging that "no valid claim of [the Asserted Patents] will be infringed by the manufacture, importation, use or sale of" Lupin's ANDA Product.

64.     Attached to the Lupin Notice Letter was Lupin's Detailed Statement for ANDA No. 216218 ("Lupin's Detailed Statement") asserting the purported factual and legal bases for Lupin's contention that the Asserted Patents were invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the drug product described in Lupin's ANDA.

65.     Lupin's Detailed Statement alleges that all claims of the Asserted Patents were invalid.

66.     Upon information and belief, upon approval of ANDA No. 216108, Lupin will sell and distribute Lupin's ANDA Product throughout the United States.

67.     Upon information and belief, Lupin will sell and distribute Lupin's ANDA Product with a product label substantially the same as the FDA-approved product label for Fintepla.

68.     The Asserted Patents listed in the Orange Book cover the use of Fintepla as indicated on the FDA-approved Fintepla product, and are listed in the Orange Book for that reason.

69.     Since Lupin's ANDA Product will have substantially the same label as the FDA-approved Fintepla label, the sale and use of Lupin's ANDA Product with its label infringes the Asserted Patents, as detailed further below.

## COUNT I

### (Direct Infringement of U.S. Patent No. 9,549,909 under 35 U.S.C. § 271(e)(2)(A))

70.     The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

71.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '909 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '909 patent.

72.     Claim 1 of the '909 patent recites:

1. A method of ameliorating seizures in a patient diagnosed with Dravet syndrome, comprising:

   orally administering an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof;

   orally administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;

   orally administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient;

   and orally administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient,

whereby seizures are ameliorated in the patient.

73.    Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

74.    Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit … an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [*i.e.*, an ANDA] … for a drug claimed in a patent or the use of which is claimed in a patent."

75.    Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '909 patent.

76.    Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '909 patent.

77.    Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

78.    The foregoing actions by Lupin constitute infringement of at least claim 1 of the '909 patent.

79.    Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '909 patent.  Zogenix has no adequate remedy at law.

## **COUNT II**

### **(Indirect Infringement of U.S. Patent No. 9,549,909 under 35 U.S.C. § 271(b) & (c)**

80.    The allegations of paragraphs 1-79 above are repeated and re-alleged as if set forth fully herein.

81.    Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby

induce the infringement of one or more claims of the '909 patent, including at least claim 1 under 35 U.S.C. § 271(b).

82.     Upon information and belief, Lupin had knowledge of the '909 patent prior to infringement, because the '909 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

83.     Upon information and belief, Lupin knew that the '909 patent was listed in the Orange Book prior to the filing of its ANDA.

84.     Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '909 patent prior to filing Lupin's ANDA.

85.     Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '909 patent.

86.     Because the '909 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '909 patent.

87.     Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '909 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

88.     The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

89.     Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

90.     Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

91.     Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

92.     Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

93.     Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

94.     Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

95.     Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

96.     Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '909 patent.

97.     The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.  *See*, *e.g.*, Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

98.     Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

99.     Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

100.    The foregoing actions by Lupin constitute infringement of at least claim 1 of the '909 patent.

101.    Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '909 patent.  Zogenix and the Universities have no adequate remedy at law.

<u>**COUNT III**</u>

<u>**(Direct Infringement of U.S. Patent No. 9,603,814 under 35 U.S.C. § 271(e)(2)(A))**</u>

102.    The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

103.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '814 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '814 patent.

104.    Claim 1 of the '814 patent recites:

> 1. A method of stimulating one or more 5-HT receptors in the brain of a patient diagnosed with Dravet syndrome, comprising:
>
> administering an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof to said patient,
>
> said one or more 5-HT receptors being selected from the group consisting of one or more of 5-HT1, 5-HT2, 5-HT3, 5-HT4, 5-HT5, 5-HT6, and 5-HT7;
>
> administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
>
> administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient;

> and administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient, whereby the 5-HT receptors are stimulated.

105.   Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

106.   Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit … an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [*i.e.*, an ANDA] … for a drug claimed in a patent or the use of which is claimed in a patent."

107.   Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '814 patent.

108.   Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '814 patent.

109.   Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

110.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '814 patent.

111.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '814 patent.  Zogenix and the Universities have no adequate remedy at law.

## COUNT IV

## (Indirect Infringement of U.S. Patent No. 9,603,814 under 35 U.S.C. § 271(b) & (c)

112.   The allegations of paragraphs 1-69 and 103-111 above are repeated and re-alleged as if set forth fully herein.

113.   Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby

induce the infringement of one or more claims of the '814 patent, including at least claim 1 under 35 U.S.C. § 271(b).

114.    Upon information and belief, Lupin had knowledge of the '814 patent prior to infringement, because the '814 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

115.    Upon information and belief, Lupin knew that the '814 patent was listed in the Orange Book prior to the filing of its ANDA.

116.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '814 patent prior to filing Lupin's ANDA.

117.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '814 patent.

118.    Because the '814 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '814 patent.

119.    Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '814 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

120.    The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

121.    Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

122.    Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

123.    Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

124.    Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

125.    Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

126.    Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

127.    Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

128.    Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '814 patent.

129.    The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed. *See*, *e.g*., Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

130.    Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

131.    Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

132.    The foregoing actions by Lupin constitute infringement of at least claim 1 of the '814 patent.

133.    Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '814 patent.  Zogenix and the Universities have no adequate remedy at law.

## COUNT V

## (Direct Infringement of U.S. Patent No. 9,603,815 under 35 U.S.C. § 271(e)(2)(A))

134.    The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

135.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '3815 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '3815 patent.

136.    Claim 1 of the '3815 patent recites:

1. A method of treating seizures in a patient diagnosed with Dravet syndrome, comprising:

administering to the patient diagnosed with Dravet Syndrome a therapeutically effective dose of a 5-HT2C agonist;

administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;

administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient;

administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient;

> and allowing the 5-HT2C agonist to stimulate 5-HT2C receptors
> in the patient and thereby reduce seizures in the patient,
> wherein the 5-HT2C agonist is fenfluramine.

137.    Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

138.    Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit … an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [*i.e.*, an ANDA] … for a drug claimed in a patent or the use of which is claimed in a patent."

139.    Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '3815 patent.

140.    Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '3815 patent.

141.    Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

142.    The foregoing actions by Lupin constitute infringement of at least claim 1 of the '3815 patent.

143.    Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '3815 patent.  Zogenix and the Universities have no adequate remedy at law.

## COUNT VI

## (Indirect Infringement of U.S. Patent No. 9,603,815 under 35 U.S.C. § 271(b) & (c)

144.    The allegations of paragraphs 1-69 and 135-143 above are repeated and re-alleged as if set forth fully herein.

145.    Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby

induce the infringement of one or more claims of the '3815 patent, including at least claim 1 under 35 U.S.C. § 271(b).

146.    Upon information and belief, Lupin had knowledge of the '3815 patent prior to infringement, because the '3815 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

147.    Upon information and belief, Lupin knew that the '3815 patent was listed in the Orange Book prior to the filing of its ANDA.

148.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '3815 patent prior to filing Lupin's ANDA.

149.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '3815 patent.

150.    Because the '3815 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '3815 patent.

151.    Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '3815 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

152.    The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

153.    Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

154.    Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

155.    Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

156.    Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

157.    Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

158.    Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

159.    Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

160.    Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '3815 patent.

161.    The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.  *See*, *e.g*., Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

162.    Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

163.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

164.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '3815 patent.

165.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '3815 patent.  Zogenix and the Universities have no adequate remedy at law.

## COUNT VII

## (Direct Infringement of U.S. Patent No. 9,610,260 under 35 U.S.C. § 271(e)(2)(A))

166.   The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

167.   Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '260 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '260 patent.

168.   Claim 1 of the '260 patent recites:

> 1. A method of treating seizures in a patient diagnosed with Dravet syndrome and exhibiting a mutation in one, some or all of the genes selected from the group consisting of SCN1A, SCN1B, SCN2A, SCN3A, SCN9A, GABRG2, GABRD and PCDH19 comprising
>
> administering to said patient an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof;
>
> administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
>
> administering an effective dose of a valproate or a pharmaceutically acceptable salt thereof to said patient;

and administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient,

whereby seizures are ameliorated in the patient exhibiting the mutation.

169.    Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

170.    Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit … an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [*i.e.*, an ANDA] … for a drug claimed in a patent or the use of which is claimed in a patent."

171.    Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '260 patent.

172.    Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '260 patent.

173.    Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

174.    The foregoing actions by Lupin constitute infringement of at least claim 1 of the '260 patent.

175.    Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '260 patent.  Zogenix and the Universities have no adequate remedy at law.

## COUNT VIII

## (Indirect Infringement of U.S. Patent No. 9,610,260 under 35 U.S.C. § 271(b) & (c))

176.    The allegations of paragraphs 1-69 and 167-175 above are repeated and re-alleged as if set forth fully herein.

177.    Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby induce the infringement of one or more claims of the '260 patent, including at least claim 1 under 35 U.S.C. § 271(b).

178.    Upon information and belief, Lupin had knowledge of the '260 patent prior to infringement, because the '260 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

179.    Upon information and belief, Lupin knew that the '260 patent was listed in the Orange Book prior to the filing of its ANDA.

180.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '260 patent prior to filing Lupin's ANDA.

181.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '260 patent.

182.    Because the '260 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '260 patent.

183.    Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '260 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

184.    The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

185.    Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

186.    Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

187.    Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

188.    Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

189.    Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

190.    Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

191.    Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

192.    Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '260 patent.

193.    The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.  *See*, *e.g*., Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

194.    Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

195.    Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

196.    The foregoing actions by Lupin constitute infringement of at least claim 1 of the '260 patent.

197.    Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '260 patent.  Zogenix and the Universities have no adequate remedy at law.

## COUNT IX

### (Direct Infringement of U.S. Patent No. 10,478,441 under 35 U.S.C. § 271(e)(2)(A))

198.    The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

199.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '441 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '441 patent.

200.    Claim 1 of the '441 patent recites:

1. A method of stimulating 5-HT receptors in the brain of a patient diagnosed with Dravet syndrome, comprising:

administering to the patient 0.2 mg/kg/day of fenfluramine or a pharmaceutically acceptable salt thereof;

and administering to the patient an effective dose of stiripentol or a pharmaceutically acceptable salt thereof;

whereby 5-HT receptors are stimulated and wherein the 5-HT receptor is in a family of receptors selected from the group

consisting of 5-HT1, 5-HT2, 5-HT3, 5-HT4, 5-HT5, 5-HT6, and 5-HT7.

201.    Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

202.    Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit … an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [i.e., an ANDA] … for a drug claimed in a patent or the use of which is claimed in a patent."

203.    Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '441 patent.

204.    Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '441 patent.

205.    Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

206.    The foregoing actions by Lupin constitute infringement of at least claim 1 of the '441 patent.

207.    Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '441 patent.  Zogenix and the Universities have no adequate remedy at law.

## COUNT X

## (Indirect Infringement of U.S. Patent No. 10,478,441 under 35 U.S.C. § 271(b) & (c))

208.    The allegations of paragraphs 1-69 and 199-207 above are repeated and re-alleged as if set forth fully herein.

209.    Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby

induce the infringement of one or more claims of the '441 patent, including at least claim 1 under 35 U.S.C. § 271(b).

210.    Upon information and belief, Lupin had knowledge of the '441 patent prior to infringement, because the '441 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

211.    Upon information and belief, Lupin knew that the '441 patent was listed in the Orange Book prior to the filing of its ANDA.

212.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '441 patent prior to filing Lupin's ANDA.

213.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '441 patent.

214.    Because the '441 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '441 patent.

215.    Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '441 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

216.    The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

217.    Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

218.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

219.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

220.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

221.   Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

222.   Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

223.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

224.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '441 patent.

225.   The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.  *See*, *e.g*., Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

226.   Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

227. Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

228. The foregoing actions by Lupin constitute infringement of at least claim 1 of the '441 patent.

229. Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '441 patent.  Zogenix and the Universities have no adequate remedy at law.

## COUNT XI

### (Direct Infringement of U.S. Patent No. 10,478,442 under 35 U.S.C. § 271(e)(2)(A))

230. The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

231. Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '442 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '442 patent.

232. Claim 1 of the '442 patent recites:

> 1. A method of adjunctive treatment of seizures in a patient diagnosed with Dravet syndrome, comprising:
>
> administering to the patient 0.2 mg/kg/day of fenfluramine or a pharmaceutically acceptable salt thereof;
>
> and administering to the patient an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
>
> whereby seizures are ameliorated in the patient.

233. Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

234.     Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit …

an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [i.e., an ANDA]

… for a drug claimed in a patent or the use of which is claimed in a patent."

235.     Upon information and belief, Lupin has submitted Lupin's ANDA to use generic

Fintepla for the uses claimed in the '442 patent.

236.     Lupin, in its Detailed Statement, provided no explanation of why its ANDA was

not submitted for a use which is claimed in the '442 patent.

237.     Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under

35 U.S.C. § 271(e)(2)(A).

238.     The foregoing actions by Lupin constitute infringement of at least claim 1 of the

'442 patent.

239.     Zogenix and the Universities will be substantially and irreparably harmed if Lupin

is not enjoined from infringing one or more claims of the '442 patent.  Zogenix and the

Universities have no adequate remedy at law.

## COUNT XII

### (Indirect Infringement of U.S. Patent No. 10,478,442 under 35 U.S.C. § 271(b) & (c)

240.     The allegations of paragraphs 1-69 and 231-239 above are repeated and re-alleged

as if set forth fully herein.

241.     Upon information and belief, upon FDA approval, Lupin intends to engage in the

manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby

induce the infringement of one or more claims of the '442 patent, including at least claim 1 under

35 U.S.C. § 271(b).

242.    Upon information and belief, Lupin had knowledge of the '442 patent prior to infringement, because the '442 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

243.    Upon information and belief, Lupin knew that the '442 patent was listed in the Orange Book prior to the filing of its ANDA.

244.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '442 patent prior to filing Lupin's ANDA.

245.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '442 patent.

246.    Because the '442 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '442 patent.

247.    Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '442 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

248.    The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

249.    Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

250.     Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

251.     Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

252.     Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

253.     Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

254.     Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

255.     Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

256.     Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '442 patent.

257.     The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed. *See*, *e.g.*, Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

258.     Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

259.    Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

260.    The foregoing actions by Lupin constitute infringement of at least claim 1 of the '442 patent.

261.    Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '442 patent.  Zogenix and the Universities have no adequate remedy at law.

## COUNT XIII

## (Direct Infringement of U.S. Patent No. 10,947,183 under 35 U.S.C. § 271(e)(2)(A))

262.    The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

263.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 25 of the '183 patent entitling Zogenix to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '183 patent.

264.    Claim 25 of the '183 patent recites:

> 25. A composition, comprising fenfluramine and at least one tri-fluoromethyl-phenyl regioisomer of fenfluramine, wherein the at least one trifluoromethyl-phenyl regioisomer of fenfluramine is present in some amount that is less than 0.2% by weight in total of trifluoromethyl-phenyl regioisomers of fenfluramine.

265.    Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 25, did not disclose any arguments that its ANDA Product would not infringe claims 25, 26, 27, and 32.

266.    Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit …

an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [i.e., an ANDA]

… for a drug claimed in a patent …."

267.    Upon information and belief, Lupin has submitted Lupin's ANDA to market a

generic Fintepla that contains a fenfluramine that infringes the '183 patent.

268.    If Lupin's ANDA Product is approved, Lupin will make, use, import, or offer to

sell or sell its ANDA Product in or into the United States, and these acts will infringe at least one

claim of the '183 patent under 35 U.S.C. § 271(a), (b), (c), or (g).

269.    Thus, Lupin's ANDA Product infringes the '183 patent under 35 U.S.C. §

271(e)(2)(A).

270.    The foregoing actions by Lupin constitute infringement of at least claim 25 of the

'183 patent.

271.    Zogenix will be substantially and irreparably harmed if Lupin is not enjoined

from infringing one or more claims of the '183 patent.  Zogenix has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Zogenix and the Universities request the following relief:

A.  A judgment that Lupin's submission of ANDA No. 216218 was an act of

infringement and that Lupin's making, using, selling, offering for sale, marketing,

distributing, or importing Lupin's ANDA Product prior to the expiration of the

Asserted Patents infringes each of those patents;

B.  A judgment that the effective date of any FDA approval for Lupin to make, use, offer

for sale, sell, market, distribute, or import Lupin's ANDA Product shall be no earlier

than the dates on which the Asserted Patents expire, or the later expiration of any

exclusivity to which Zogenix and the Universities are or become entitled;

C.   A permanent injunction enjoining Lupin, its officers, agents, servants, and employees,

and those persons in active concert or participation with any of them, from making,

using, selling, offering for sale, marketing, distributing, or importing Lupin's ANDA

Product, and from inducing or contributing to any of the foregoing, prior to the

expiration of the Asserted Patents, or the later expiration of any exclusivity to which

Zogenix or the Universities are or become entitled;

D.   A judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling

Zogenix and the Universities to an award of their reasonable attorneys' fees for

bringing and prosecuting this action;

E.   An award of Zogenix's and the Universities' costs and expenses in this action; and

F.   Such further and additional relief as this Court deems just and proper.


Dated:  October 6, 2021

                                        **BARNARD, MEZZANOTTE, PINNIE,**
                                        **SEELAUS & KRAFT LLP**

                                        */s/ Denise S. Kraft*
                                        Denise S. Kraft (DE Bar No. 2778)
                                        1205 North Orange Street
                                        Wilmington DE  19899
                                        Telephone: 302.594.4535
                                        dkraft@bmpsklaw.com

                                        *Attorneys for Plaintiffs*