IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOGENIX, INC., ZOGENIX INTERNATIONAL LTD., KATHOLIEKE UNIVERSITEIT LEUVEN, and UNIVERSITY HOSPITAL ANTWERP,<br><br>  Plaintiffs,<br>  v.<br><br>LUPIN LTD.,<br><br>  Defendant. | C.A. No. 1:21-cv-1424-RGA<br><br>**REDACTED PUBLIC VERSION** |

**DEFENDANT LUPIN LTD.'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' PARTIAL MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS XV-XVIII**

John C. Philips, Jr. (# 110)
David A. Bilson (# 4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Of Counsel*
Keith D. Parr (*pro hac vice*)
Nina Vachhani (*pro hac vice*)
Smitha B. Uthaman (*pro hac vice*)
Leah M. Brackensick (*pro hac vice*)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700

*Attorneys for Defendant Lupin Ltd.*

Dated:  January 25, 2022

**TABLE OF CONTENTS**

                                                                                                   **Page**

I.     NATURE AND STAGE OF THE PROCEEDING .................................................................. 1

II.    SUMMARY OF ARGUMENT ........................................................................................ 1

III.   STATEMENT OF FACTS ............................................................................................... 2

IV.   ARGUMENT .................................................................................................................. 4

    A.    Legal Standard ........................................................................................................ 4

    B.    There is an Actual and Justiciable Controversy on the REMS Patents ........................ 6

    C.    Lupin Has Alleged the Necessary Facts to State a Plausible Claim to Relief Under Rule 12(b)(6) ................................................................................................ 10

V.    CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abbott Labs., Inc. v. Apotex Inc.*,
    725 F. Supp. 2d 724 (N.D. Ill. 2010) ............................................................................................2

*Abbott Labs. v. Gardner*,
    387 U.S. 136 (1967) .................................................................................................................6, 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................................4

*Commonwealth of Pennsylvania v. State of West Virginia*,
    262 U.S. 553 (1923) ........................................................................................................................5

*Constitution Party of Pennsylvania v. Aichele*,
    757 F.3d 347 (3d Cir. 2014) ...........................................................................................................4

*Glaxo, Inc. v. Novopharm, Ltd.*,
    110 F.3d 1562 (Fed. Cir. 1997) ..................................................................................................7, 8

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
    312 U.S. 270 (1941) ........................................................................................................................2

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ...............................................................................................................2, 5, 6

*Step-Saver Data Sys., Inc. v. Wyse Tech.*,
    912 F.2d 643 (3d Cir. 1990) ...........................................................................................................9

*Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*,
    482 F.3d 1330 (Fed. Cir. 2007) ............................................................................................ passim

*Zogenix, Inc., et al. v. Apotex Inc., et al.*,
    C.A. Nos. 21-cv-01533, 21-cv-01252 .....................................................................................3, 10

**CONSTITUTION AND STATUTES**

21 U.S.C. § 355 .................................................................................................................... passim

28 U.S.C. § 2201 ......................................................................................................................5, 7

35 U.S.C. § 101 ..........................................................................................................2, 4, 7, 11

35 U.S.C. § 102 ................................................................................................................4, 11

35 U.S.C. § 103 .........................................................................................................2, 4, 7, 11

35 U.S.C. § 112 ................................................................................................................4, 11

35 U.S.C. § 271 ...............................................................................................................1, 5, 7

**OTHER AUTHORITIES**

149 Cong. Rec. S15885 (Nov. 25, 2003) ..........................................................................7, 8, 10

FDA, FAQs about REMS, January 2018 ....................................................................................6

FDA, FINTEPLA (fenfluramine) REMS Program, June 2020 ...................................................6

FDA, Risk Evaluation and Mitigation Strategies | REMS, December 2021 ................................6

Fed. R. Civ. P. 12(b)(1) ..........................................................................................................1, 4

Fed. R. Civ. P. 12(b)(6) .......................................................................................................1, 4, 10

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiffs Zogenix, Inc., Zogenix International Ltd., Katholieke Universiteit Leuven, and University Hospital Antwerp (collectively, "Plaintiffs") sued Defendant Lupin Ltd. ("Lupin") under the Hatch-Waxman Act for alleged infringement of seven patents listed in FDA's Orange Book ("the Orange Book"). Lupin timely filed its answer with affirmative defenses and counterclaims. In its answer, Lupin included counterclaims XV-XVIII seeking declaratory judgment of noninfringement and invalidity of two patents that Plaintiffs listed in the Orange Book but did not assert against Lupin. Plaintiffs filed a partial motion to dismiss those counterclaims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Lupin submits this Opposition to Plaintiffs' motion.

## II. SUMMARY OF ARGUMENT

The Court should deny Plaintiffs' partial motion to dismiss (D.I. 20) Lupin's counterclaims XV-XVIII. Plaintiffs listed in the Orange Book U.S. Patent Nos. 10,452,815 ("the '2815 patent") and 10,950,331 ("the '331 patent"), claiming systems related to a Risk Evaluation and Mitigation Strategy ("REMS") (collectively, "the REMS patents"), in connection with the drug product FINTEPLA®. With its Abbreviated New Drug Application ("ANDA"), Lupin

Redacted

Redacted         Redacted

[Redacted]

[Redacted] When Plaintiffs did not sue Lupin on the REMS patents within the 45-day statutory period Redacted

Redacted, Lupin had a statutory right to file declaratory judgment counterclaims on each of those patents. 21 U.S.C. § 355(j)(5)(C); 35 U.S.C. § 271(e)(5).

1

Plaintiffs' motion tellingly omits that Redacted

Redacted

Redacted

Redacted Moreover, as Plaintiffs are well aware, ANDA applicants like Lupin are not limited in litigation to the factual and legal theories raised in their notice letter. *See Abbott Labs., Inc. v. Apotex Inc.*, 725 F. Supp. 2d 724, 728 (N.D. Ill. 2010).

The Supreme Court has confirmed that jurisdiction exists for a declaratory judgment action when under "all the circumstances," there is an actual and justiciable controversy between the parties. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Here, not only is there a pending litigation against Lupin on some of the patents listed in the Orange Book, but Plaintiffs have also sued Apotex on the REMS patents in this Court. The parties have all agreed that the Lupin and Apotex cases will proceed with coordinated discovery and *Markman* proceedings. (D.I. 17.) The controversies related to the REMs patents are ripe for judicial review, and it is in the interest of efficiency and conserving the Court's and parties' resources to have the REMS patents litigated only once. For these reasons and more, there is a live justiciable controversy and Plaintiffs' motion should be denied. Moreover, Lupin's allegations as to the REMS patents state a plausible claim for a judgment of noninfringement and/or invalidity.

### III.   STATEMENT OF FACTS

Plaintiffs hold a New Drug Application ("NDA") for FINTEPLA® (fenfluramine hydrochloride oral solution). In connection with their NDA, Plaintiffs listed U.S. Patent Nos. 9,549,909; 9,603,814; 9,603,815; 9,610,260; 10,478,441; 10,478,442 (collectively, "the method of treatment patents"); 10,947,183 ("the product by process patent"); 10,452,815 and 10,950,331

(collectively, "the REMS patents") in the Orange Book as covering FINTEPLA® (collectively, "the Orange Book patents").[1]



Redacted Plaintiffs then sued Lupin on the method of treatment patents and product by process patent (collectively, "the asserted patents") but omitted suing on the REMS patents. This omission left Lupin with the uncertainty of potentially being sued in a subsequent litigation at some point in the future and in the meantime left without patent certainty on the REMS patents, one of which expires more than 10 years after the expiry of the orphan drug exclusivity. Meanwhile, Plaintiffs have already sued Apotex on the REMS patents. *See Zogenix, Inc., et al. v. Apotex Inc., et al.*, C.A. Nos. 21-cv-01533, 21-cv-01252 (consolidated).

Lupin filed its answer with affirmative defenses and counterclaims. To address the issue of patent uncertainty, Lupin included among in its counterclaims counts XV-XVIII, seeking a declaration that (1) the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of Lupin's proposed ANDA product will not infringe any claim of the REMS

---

[1] Lupin submitted Redacted Redacted

patents (counts XV and XVII) and (2) the claims of the REMS patents are invalid under 35 U.S.C §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting (counts XVI and XVIII).

## IV.    ARGUMENT

### A.    Legal Standard

A Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  A court must first determine "whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Id*. at 358.  As Plaintiffs here admit that Lupin's notice letter is integral to the complaint (D.I. 20 at 8, n. 1), their attack is necessarily facial.  When evaluating a facial attack, courts apply the same standard of review used when "considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Aichele*, 757 F.3d at 358.

A Rule 12(b)(6) motion tests the sufficiency of the complaint or counterclaims.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, the counterclaims must provide "a short and plain statement of the claim showing that the pleader is entitled to relief[] in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).  Dismissal under Rule 12(b)(6) is inappropriate unless the complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*, 550 U.S. at 570).

In ANDA Paragraph IV disputes, Congress has explicitly extended jurisdiction for declaratory judgment counterclaims, providing that federal courts "to the extent consistent with the Constitution, have subject matter jurisdiction in any action brought . . . under section 2201 of title 28 for a declaratory judgment that such patent is invalid or not infringed." 35 U.S.C. § 271(e)(5). Under the Declaratory Judgment Act, a court may exercise jurisdiction when there is an "actual controversy" between the parties. 28 U.S.C. § 2201(a). The Supreme Court has reiterated that "actual controversy" refers to cases and controversies that are justiciable under Article III. *See MedImmune, Inc.*, 549 U.S. at 126–27, 137. "[A] declaratory judgment plaintiff is only required to satisfy Article III, which includes standing and ripeness, by showing under 'all the circumstances' an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of 'sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007) (citing *MedImmune, Inc.*, 549 U.S. at 127).

"One does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." *Commonwealth of Pennsylvania v. State of West Virginia*, 262 U.S. 553, 593 (1923). The Federal Circuit has held:

> A justiciable declaratory judgment controversy arises for an ANDA filer when [1] a patentee lists patents in the Orange Book, [2] the ANDA applicant files its ANDA certifying the listed patents under paragraph IV, and [3] the patentee brings an action against the submitted ANDA on one or more of the patents. The combination of these three circumstances is dispositive in establishing an actual declaratory judgment controversy as to all the paragraph IV certified patents, whether the patentee has sued on all or only some of the paragraph IV certified patents.

*Teva*, 482 F.3d at 1344.

Title 21 U.S.C. § 355(j)(5)(C), entitled "Civil action to obtain patent certainty," provides that "if the patentee or NDA holder does not bring an infringement suit within 45 days after

receiving notice of a paragraph IV certification, the ANDA applicant may bring a civil action for a declaratory judgment that the patent at issue is invalid or will not be infringed by the drug for which the ANDA was submitted." *Id.* at 1335.

Whether an action is "ripe" requires an evaluation of the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *See id.* at 1337 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149-50 (1967)).

### B.  There is an Actual and Justiciable Controversy on the REMS Patents

Under *MedImmune* and the Federal Circuit's application of *MedImmune* in *Teva*, Lupin's declaratory judgment counterclaims are justiciable under "all the circumstances."

Here, Plaintiffs listed the REMS patents in the Orange Book. (D.I. 1 at ¶ 39.)[2] In doing so, they represented that "a claim of patent infringement could reasonably be asserted if a person not licensed by the owner of the patent engaged in the manufacture, use or sale" of generic fenfluramine hydrochloride allegedly covered by the claims of the REMS patents. 21 U.S.C. § 355(b)(1)(viii).

**Redacted**

---

[2] REMS is a drug safety program that FDA "can require for certain medications with serious safety concerns to help ensure the benefits of the medication outweigh its risks." FDA, Risk Evaluation and Mitigation Strategies | REMS, December 2021, https://www.fda.gov/drugs/drug-safety-and-availability/risk-evaluation-and-mitigation-strategies-rems, last accessed January 24, 2022. "Once FDA determines a REMS is necessary for a drug, pharmaceutical manufacturers must develop, implement, and assess the specific REMS for their drug product." FDA, FAQs about REMS, January 2018, https://www.fda.gov/drugs/risk-evaluation-and-mitigation-strategies-rems/frequently-asked-questions-faqs-about-rems, last accessed January 24, 2022. The FDA required Plaintiffs to establish the FINTEPLA® REMS to "mitigate the risk of valvular heart disease and pulmonary arterial hypertension associated with FINTEPLA". FDA, FINTEPLA (fenfluramine) REMS Program, June 2020 https://www.accessdata.fda.gov/drugsatfda_docs/rems/Fintepla_2020_06_25_REMS_Document.pdf, last accessed January 24, 2022.

[Redacted]

[Redacted] Plaintiffs' motion neglects to acknowledge the invalidity grounds presented in Lupin's notice letter.

The very act of submitting an ANDA is an act of infringement, albeit artificial, to enable the parties to adjudicate any patent disputes before expiration of the brand patents, thereby speeding the entry of generic drugs. *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1569 (Fed. Cir. 1997) ("§ 271(e)(2) provided patentees with a defined act of infringement sufficient to create case or controversy jurisdiction to enable a court to promptly resolve any dispute concerning infringement and validity.") Therefore, under 35 U.S.C. § 271(e)(2), [Redacted], consummating all that was necessary to create subject matter jurisdiction for a patent infringement lawsuit with respect to those patents.

Plaintiffs failed to sue Lupin on the REMS patents within the 45-day-statutory period of receiving Lupin's notice letter, although they sued Lupin on seven of the other Orange Book patents. In such a circumstance, Congress has provided defendants like Lupin with a statutory right to file a declaratory judgement action under 28 U.S.C. § 2201 on each of the REMS patents. 21 U.S.C. § 355(j)(5)(C); *see also Teva*, 482 F.3d at 1335. Lupin's counterclaims on the REMS patents seek to further the "central purpose of the Hatch-Waxman Act," which is "to

enable competitors to bring cheaper, generic . . . drugs to market as quickly as possible." *Id*. at 1344 (quoting 149 Cong. Rec. S15885 (Nov. 25, 2003)).

Congress enacted 21 U.S.C. § 355(j)(5)(C) precisely to remedy problems like the one created by Plaintiffs here: "We fully expect that, in almost all situations where a generic applicant has challenged a patent [by filing an ANDA with a paragraph IV certification] and not been sued for patent infringement, a claim by the generic applicant seeking declaratory judgment on the patent will give rise to a justiciable 'case or controversy' under the Constitution . . . *there are tactical reasons why a patent owner or brand drug company might refrain from bringing suit on a patent within 45 days. For example, the brand drug company might have several patents listed in the Food and Drug Administration's Orange Book with respect to a particular drug. It could be in the company's interest to bring suit within 45 days on one patent and to hold the others in reserve*." *Id*. at 1343-44 (emphasis in original).

In the context of a motion to dismiss, Redacted . Redacted

See, e.g., *Glaxo*, 110 F.3d at 1569-70 ("The FDA's interest in fixing the exact nature of such a product to be sold, in discharging its own responsibility to ensure the purity, efficacy, and safety of the product, may cause the nature of the product originally applied for to differ somewhat from that ultimately approved . . .. What is likely to be sold, or preferably, what will be sold, will ultimately determine whether infringement exists.")

8

Contrary to Plaintiffs' arguments, Lupin's declaratory judgment counterclaims are ripe for adjudication. Whether an action is "ripe" requires an evaluation of the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *See Teva*, 482 F.3d at 1337 (citing *Abbott Labs*., 387 U.S. at 149-50; *see also Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643 (3d Cir. 1990) (requiring an evaluation of similar practical factors).

Here, the issues in Lupin's counterclaims are fit for judicial decision. The counterclaims challenge the validity of the '2815 and '331 REMS patents. Resolution of the validity question is potentially dispositive of any issue as to infringement of these patents because, of course, one cannot infringe an invalid patent. Moreover, there is already a pending litigation against Lupin involving seven of the Orange Book patents and the same ANDA. The court in *Teva* found that "related litigation involving the same technology and the same parties is relevant in determining whether a justiciable declaratory judgment controversy exists on other related patents." 482 F.3d at 1344. That is precisely the case here with the REMS patents.

Further, the looming uncertainty over Lupin's right to patent clearance for the REMS patents creates hardship for Lupin as its ANDA undergoes parallel approval proceedings before the FDA. Federal statutes prevent ANDA filers from marketing their products when there is an adversely held patent. 21 U.S.C § 355(j)(5)(B)(iii). Thus, should Lupin prevail on the asserted patents in this proceeding but be foreclosed from seeking declaratory relief on counterclaims XV-XVIII, it would still be blocked from FDA approval by the REMS patents, one of which expires more than 10 years after the expiry of the orphan drug exclusivity. Hence, as in *Teva*, Lupin suffers a direct legal injury from Plaintiffs' past actions—listing the REMS patents in the Orange Book and filing suit against Lupin challenging the validity of Lupin's ANDA—which

9

require judicial relief.  *See* 482 F.3d at 1345 ("It is this exact type of uncertainty of legal rights that the ANDA declaratory judgment action was enacted to prevent.")

This hardship is magnified by the specter of future litigation created by Plaintiffs' decision to challenge Lupin's ANDA on seven of the Orange Book patents but not the REMS patents.  As stated in *Teva*:  "The possibility that an ANDA filer will be subject to multiple infringement suits from the same patentee based on the submission of a single ANDA containing several paragraph IV certifications is an injury relevant to finding a justiciable controversy."  *Id.*; *see also id*. at 1343-44 (quoting 149 Cong. Rec. S15885 (Nov. 25, 2003) ("Holding the other patents in reserve would introduce uncertainty that could discourage generic companies from devoting resources to bring the generic drug to market and that would give the brand drug company a second opportunity to delay generic competition by suing the generic company for infringement of the reserved patents after the resolution of the initial infringement suit.").

Finally, Plaintiffs have sued Apotex in this Court on the REMS patents - *see Zogenix, Inc., et al. v. Apotex Inc., et al*., C.A. Nos. 21-cv-01533, 21-cv-01252 (consolidated).  Moreover, all parties have agreed that Plaintiffs' cases against Lupin and Apotex will proceed with coordinated discovery and *Markman* proceedings.  (D.I. 17.)  Given that Plaintiffs and the Court will be expending time and resources to litigate the REMS patents in the related coordinated case against Apotex, it is in the interest of efficiency, economy, and consistency for the Court and all interested parties, including Lupin, to litigate the REMS patents just once and at the same time.

### C. Lupin Has Alleged the Necessary Facts to State a Plausible Claim to Relief Under Rule 12(b)(6)

The Court should deny Plaintiffs' request to dismiss the case under Rule 12(b)(6). Lupin's counterclaims allege that its proposed ANDA product will not infringe the REMS patents (counts XV and XVII).  Moreover, Redacted

10

Redacted

Redacted Lupin also alleges that the REMS patents are invalid under 35 U.S.C §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting (counts XVI and XVIII).

These allegations state a plausible claim for a judgment of noninfringement and/or invalidity.

**V.     Conclusion**

For the above reasons, Lupin respectfully requests that the Court deny Plaintiffs' partial motion to dismiss.

Dated:  January 25, 2022

Respectfully submitted,

*/s/ John C. Phillips, Jr.*
John C. Philips, Jr. (# 110)
David A. Bilson (# 4986)
PHILLIPS, McLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Of Counsel*
Keith D. Parr
Nina Vachhani
Smitha B. Uthaman
Leah M. Brackensick
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700

*Attorneys for Defendant Lupin Ltd.*