# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOGENIX, INC., ZOGENIX INTERNATIONAL LTD., KATHOLIEKE UNIVERSITEIT LEUVEN, AND UNIVERSITY HOSPITAL ANTWERP,<br><br>        Plaintiffs,<br><br>  v.<br><br>LUPIN LTD.,<br><br>        Defendant. | CONTAINS LUPIN CONFIDENTIAL INFORMATION<br><br>REDACTED PUBLIC VERSION<br><br>Case No. 21-01424-RGA |

**BRIEF IN SUPPORT OF PLAINTIFFS' PARTIAL MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS XV–XVIII PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**

## TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

II. SUMMARY OF THE ARGUMENT .............................................................................. 1

III. CONCISE STATEMENT OF FACTS ........................................................................... 2

IV. LEGAL STANDARDS .................................................................................................. 3

    A. The Declaratory Judgment Legal Standard Requires a Concrete Controversy ........................................................................................................ 3

    B. The Legal Standards for a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) Govern This Motion to Dismiss for Lack of Ripeness ............................ 4

V. ARGUMENT .................................................................................................................. 5

    A. ███████████████████████████████████████ There is No Concrete Controversy, and This Court Lacks Jurisdiction Over Declaratory Judgment Counterclaim Counts XV-XVIII Regarding the REMS Patents ................................................................................................... 5

    B. ███████████████████████████████████ Lupin Fails to State a Claim Upon Which Relief Can be Granted in its Declaratory Judgment Counterclaim Counts XV-XVIII Regarding the '2815 and '331 Patents ................ 8

VI. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967) ....................................................................... 4

*Abraxis Bioscience, Inc. v. Navinta LLC*, No. 07–1251(JAP), 2008 WL 2967034 (D.N.J. July 31, 2008) ............................................................................................................................................. 5

*Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 3 F. Supp. 2d 104 (D. Mass. 1998) ....................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 7, 11

*Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330 (Fed. Cir. 2013) ..................................... 11

*Cephalon, Inc. v. Watson Pharms., Inc.*, 629 F. Supp. 2d 338 (D. Del. 2009) ............................. 11

*Davis v. Abington Mem'l Hosp.*, 765 F.3d 236 (3d Cir. 2014) ........................................................ 7

*Eisai Co., Ltd. v. Mut. Pharmaceutical Co., Inc.*, No. 06–3613 (HAA), 2007 WL 4556958 (D.N.J. Dec. 20, 2007) .............................................................................................................. 8, 10

*Endo Pharms. Inc. v. Actavis Inc.*, No. 14-1381-RGA, 2017 WL 522825 (D. Del. Feb. 8, 2017) ................................................................................................................................................... 10

*Enhanced Sec. Rsch., LLC v. Juniper Networks, Inc.*, No. 09-871-JJF, 2010 WL 2898298 (D. Del. July 20, 2010) ........................................................................................................................ 5

*Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, 635 F. Supp. 2d 348 (D. Del. 2009) .............. 6

*Gen. Elec. Co. v. Raytheon Techs. Corp.*, 983 F.3d 1334 (Fed. Cir. 2020) ................................... 9

*Gotha v. United States*, 115 F.3d 176 (3d Cir. 1997) ..................................................................... 5

*H. Lundbeck A/S v. Apotex Inc.*, No. CV 18-88-LPS, 2020 WL 3507795 (D. Del. June 26, 2020) .............................................................................................................................................. 7, 9

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280 (3d Cir. 1999) ................................. 11

*Johnson v. City of Shelby*, 574 U.S. 10 (2014) ............................................................................... 7

*JTEKT Corp. v. GKN Auto. LTD.*, 898 F.3d 1217 (Fed. Cir. 2018) ............................................... 9

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406 (3d Cir. 1991) ............................................ 5

*Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941) ....................................................... 3, 8

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ........................................................ 3, 4

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977) ................................. 4, 5

*NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333 (3d Cir. 2001) ....................... 6

*SanDisk Corp v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) .................................. 8

*St. Clair Intell. Prop. Consultants, Inc. v. Palm, Inc.*, No. 06-404-JJF-LPS, 2009 WL 1220546
    (D. Del. May 4, 2009) ................................................................................................................ 5

*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998) .................................................................................................................... 3

*Step–Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643 (3d Cir. 1990) .................................. 6, 9

*Tanksley v. Daniels*, 902 F.3d 165 (3d Cir. 2018) ....................................................................... 11

*Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330 (Fed. Cir. 2007) ................... 4

*Texas v. United States*, 523 U.S. 296 (1998) ................................................................................ 6

**Statutes**

28 U.S.C. § 1331 ............................................................................................................................ 3

28 U.S.C. § 1338(a) ....................................................................................................................... 3

28 U.S.C. § 2201(a) ....................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 5, 8

Fed. R. Civ. P. 12(h)(3) .................................................................................................................. 5

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

On October 6, 2021, Plaintiffs and Counterclaim-Defendants Zogenix, Inc., Zogenix International LTD., Katholieke Universiteit Leuven, and University Hospital Antwerp (collectively, "Zogenix") filed a Complaint (D.I. 1) against Lupin Ltd. ("Lupin") alleging infringement of United States Patent Nos. 9,549,909 ("the '909 Patent"), 9,603,814 ("the '814 Patent"), 9,603,815 ("the '3815 Patent"), 9,610,260 ("the '260 Patent"), 10,478,441 ("the '441 Patent"), 10,478,442 ("the '442 Patent"), and 10,947,183 ("the '183 Patent") (collectively, "the Asserted Patents"). Lupin filed its Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Complaint (D.I. 12) on December 6, 2021.

**II.    SUMMARY OF THE ARGUMENT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Zogenix requests that the Court grant this partial motion to dismiss Counts XV–XVIII of Lupin's Counterclaims (D.I. 12), relating to unasserted U.S. Patent Nos. 10,452,815 ("the '2815 Patent") and 10,950,331 ("the '331 Patent"), which both claim a Risk Evaluation and Mitigation Strategy ("REMS") system. Contrary to Lupin's allegations in its Counterclaims, these issues are not ripe for review. Lupin admitted in its August 27, 2021, Notice Letter that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and therefore, Lupin contends that Zogenix cannot establish that Lupin infringes the '2815 and '331 Patents. According to Lupin, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ For this reason, there is no substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to these two patents. Moreover, because of Orphan Drug Exclusivity, Lupin cannot sell a generic version of Zogenix's Fintepla product until June 25, 2027. Accordingly, Zogenix respectfully requests that the Court dismiss Counts XV–XVIII of Lupin's Counterclaims as unripe.

## III. CONCISE STATEMENT OF FACTS

By a letter dated August 27, 2021 (the "August 27, 2021 Notice Letter"), received by Zogenix by August 31, 2021, Lupin notified Zogenix that it had filed an Abbreviated New Drug Application ("ANDA") seeking permission to market a generic copy of Plaintiffs' Dravet Syndrome treatment, Fintepla® (fenfluramine) oral solution. Ex. 1. That letter purported to set forth Lupin's basis for certification to FDA pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that "no valid claim of the '909, '814, '260, '3815, '441, '442, '183, '2815, and '331 patents will be infringed by the manufacture, importation, use or sale of Lupin's proposed ANDA product." *Id*. at 2. With respect to the '2815 and '331 Patents, Lupin included the following statement: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id*. at 164 ('2815 Patent), 177 ('331 Patent) (emphasis added).

On October 6, 2021, Zogenix filed a complaint asserting that Lupin infringes the Asserted Patents by filing its ANDA and Paragraph IV certification. D.I. 1. Zogenix did not assert infringement of the '2815 and '331 Patents because in its August 27, 2021 Notice Letter, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Nonetheless, Lupin filed Declaratory Judgment Counterclaims of Non-Infringement of the '2815 Patent, Invalidity of the '2815 Patent, Non-Infringement of the '331 Patent, and Invalidity of the '331 Patent ("Counts XV–XVIII") despite the fact that in its August 27, 2021 Notice Letter Lupin ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Based on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ these four counterclaims are not ripe for

2

review.

## IV.    LEGAL STANDARDS

### A.    The Declaratory Judgment Legal Standard Requires a Concrete Controversy

"[T]he first and fundamental question" that a federal court must address in each case "is that of jurisdiction." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over any civil action arising under any act of Congress relating to patents. 28 U.S.C. § 1338(a).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Thus, in order for a court to exercise jurisdiction over a declaratory judgment action, there must be an actual and adverse controversy. "'The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The party seeking declaratory judgment jurisdiction must "satisfy Article III, which includes . . . ripeness, by showing under 'all the circumstances' an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of 'sufficient immediacy and reality to warrant the issuance of a declaratory judgement.'" *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007) (quoting *MedImmune*, 549 U.S. at 127). Ripeness requires the conduct of the defendant to have harmed, be harming, or

3

imminently harm legal interests of the plaintiff, such that postponement of a decision would cause a substantial hardship on the party seeking the declaratory judgment. *See Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967). The question presented involves a question of law. *Id.*

> B. **The Legal Standards for a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) Govern This Motion to Dismiss for Lack of Ripeness**

Pursuant to Rule 12(b)(l), the Court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction[—]its very power to hear the case[—]there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "no presumptive truthfulness attaches to plaintiff's allegations." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In doing so, the Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony. *Enhanced Sec. Rsch., LLC v. Juniper Networks, Inc.*, No. 09-871-JJF, 2010 WL 2898298, at *2 (D. Del. July 20, 2010) (citing *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997)).

In a challenge to the Court's subject matter jurisdiction through a 12(b)(1) motion, the party asserting subject matter jurisdiction bears the burden of persuasion to establish that subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *St. Clair Intell. Prop. Consultants, Inc. v. Palm, Inc.*, No. 06-404-JJF-LPS, 2009 WL 1220546, at *3 (D. Del. May 4, 2009) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406 (3d Cir. 1991)).

"A motion to dismiss for lack of ripeness is properly brought pursuant to Rule 12(b)(1)." *Abraxis Bioscience, Inc. v. Navinta LLC*, No. 07–1251(JAP), 2008 WL 2967034, at *2 (D.N.J. July 31, 2008) (citing *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001)). When a motion to dismiss is brought on ripeness grounds, "a court must 'evaluate

both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* at *3 (quoting *Texas v. United States*, 523 U.S. 296, 300–01 (1998)). According to the "*Step-Saver* test," when deciding a motion to dismiss for lack of ripeness, the court must consider: "(1) the adversity of the parties' interests; (2) the probable conclusiveness of a judgment; and (3) the practical utility of judgment to the parties." *Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, 635 F. Supp. 2d 348, 352–53 (D. Del. 2009) (citing *Step–Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990) (the "*Step-Saver* test)).

Pursuant to Rule 12(h)(3), a court must dismiss a complaint if "it determines that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).

V. **ARGUMENT**

    A. ███████████████████████████████████████, **There is No Concrete Controversy, and This Court Lacks Jurisdiction Over Declaratory Judgment Counterclaim Counts XV-XVIII Regarding the REMS Patents**

Lupin's statements in its August 27, 2021 Notice Letter ███████████ ███████████████ to Counts XV–XVIII of Lupin's Counterclaims. Thus, issues of non-infringement and invalidity of the '2815 Patent and '331 Patent are not ripe for adjudication.

5

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Lupin does not infringe the '2815 Patent and '331 Patent. Additionally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For these reasons, under the *first* prong of the *Step-Saver* test, there is no "adversity." *H. Lundbeck A/S v. Apotex Inc.*, No. CV 18-88-LPS, 2020 WL 3507795, at *6 (D. Del. June 26, 2020) ("A claim is not ripe for adjudication if it rests on contingent future events that may not occur as anticipated, or indeed may not occur at all."). Accordingly, Lupin has alleged no facts to show that there is a "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Eisai Co., Ltd. v. Mut. Pharmaceutical Co., Inc.*, No. 06–3613 (HAA), 2007 WL 4556958, at *15 (D.N.J. Dec. 20, 2007) (quoting *Md. Cas. Co.*, 312 U.S. at 273). Nor does Lupin have "reasonable apprehension . . . that it will face an infringement suit" sufficient to obtain subject matter jurisdiction over Counts XV–XVIII because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Eisai*, 2007 WL 4556958, at *15 (quoting *SanDisk Corp v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1379 (Fed. Cir. 2007)).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ any declaratory judgment on non-infringement would not be conclusive, and thus Lupin's counts falter under the *second* prong of the *Step-Saver* test as well. *See Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 3 F. Supp. 2d 104, 112 (D. Mass. 1998) ("FDA approval is uncertain, [and] the process or the product itself may be altered during the interval in ways that are material to an infringement analysis. Any declaration issued by this Court now may be rendered moot by such alterations."). Absent "concrete plans for future activity that creates a substantial risk of future infringement or would likely cause the patentee to assert a claim of infringement," Counts XV–XVIII of Lupin's Counterclaim fail. *Gen. Elec. Co. v. Raytheon Techs. Corp.*, 983 F.3d 1334, 1341 (Fed. Cir. 2020) (quoting *JTEKT Corp. v. GKN*

6

*Auto. LTD.*, 898 F.3d 1217, 1221 (Fed. Cir. 2018)).

For the same reasons, under the *third* prong of the *Step-Saver* test, a declaratory judgment would be of no use at this stage. That is in part due the fact that Lupin cannot introduce a generic version of Zogenix's Fintepla product until June 25, 2027, and thus, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Because "§ 271(e)(2) does not encompass speculative claims of infringement," there is no relief the Court may properly grant that are not likely to be affected by a declaratory judgment of non-infringement or validity of those patents. *Lundbeck*, 2020 WL 3507795 at *6; *see also Step-Saver*, 912 F.2d at 649 n.9 ("The utility inquiry, discussed presently, goes not to whether the legal rights will be clarified, but to whether the parties' plans of actions are likely to be affected by a declaratory judgment."). "Rather, 'the ANDA must be judged *on its face* for what an accused infringer seeks the FDA's approval to do.'" *See Lundbeck*, 2020 WL 3507795, at *6 (citation omitted). At this time, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Counts XV–XVIII of Lupin's Counterclaims are not ripe for adjudication and thus the Court does not have subject matter jurisdiction over these counterclaims. There is no artificial act of infringement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and no immediacy when a product cannot be introduced because of Orphan Drug Exclusivity until June 25, 2027. Consequently, the filing of Lupin's ANDA does not confer declaratory judgment jurisdiction as to the '2815 Patent and '331 Patent. *See Endo Pharms. Inc. v. Actavis Inc.*, No. 14-1381-RGA, 2017 WL 522825, at *1 (D. Del. Feb. 8, 2017) ("As to Count VI, Defendant Actavis argues that the Court does not have jurisdiction because the filing of an ANDA does not confer declaratory judgment jurisdiction as to § 271(a)."). Thus, Lupin "cannot establish the immediacy required for a declaratory judgment action without § 271(e)(2)'s 'artificial' act of infringement." *Eisai*, 2007

7

WL 4556958, at *18.

### B. ███████████████████████████████████████ Lupin Fails to State a Claim Upon Which Relief Can be Granted in its Declaratory Judgment Counterclaim Counts XV-XVIII Regarding the '2815 and '331 Patents

Lupin's statements in its August 27, 2021 Notice Letter ███████████████

███████████████████████ to Counts XV–XVIII of Lupin's Counterclaims under Rule 12(b)(6).

Under the Rule 12(b)(6) standard, "[a] complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Cephalon, Inc. v. Watson Pharms., Inc.*, 629 F. Supp. 2d 338, 346 (D. Del. 2009) (citing *Twombly*, 550 U.S. at 555). Lupin's own statements, however, show that it is not entitled to relief.[1] Lupin disputes liability for infringement ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ Indeed, Lupin ████████████████████████████████████████

████████████████████████████████ Lupin has failed to state a claim upon which relief can be granted. Accordingly, Lupin admits ████████████████████████████

████████████████████████████████████████████████████████████

████████████████ *See Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013) ("To prove infringement, the patentee must show that an accused product embodies all limitations of the claim either literally or by the doctrine of equivalents.").

---

[1] Lupin's admission is not extrinsic evidence as it was made in the Notice Letter which is integral to the Complaint because Lupin asserts that it serves the basis for the Court's jurisdiction. *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) ("[I]n evaluating a motion to dismiss, courts are not limited to the four corners of the complaint, but may also consider evidence 'integral to or explicitly relied upon' therein.") (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)).

## VI. CONCLUSION

For the foregoing reasons, Zogenix respectfully requests that the Court dismiss Counts XV–XVIII of Lupin's Counterclaims.

## RULE 7.1.1 STATEMENT

Counsel for Plaintiffs and Defendant discussed the subject matter of this motion prior to filing it. The parties could not reach agreement on the issues presented in this motion and Defendant is opposed to the relief sought.

DATED: January 11, 2022

OF COUNSEL:

Stuart E. Pollack
KILPATRICK TOWNSEND & STOCKTON LLP
The Grace Building
1114 Avenue of the Americas
New York, NY  10036-7703
Tel:  212-775-8700
spollack@kilpatricktownsend.com

April Abele Isaacson
KILPATRICK TOWNSEND & STOCKTON LLP
2 Embarcadero Center, Suite 1900
San Francisco, CA  94111
Tel:  415-576-0200
aisaacson@kilpatricktownsend.com

Michael E. Furrow
KILPATRICK TOWNSEND & STOCKTON LLP
The Grace Building
1114 Avenue of the Americas
New York, NY  10036-7703
Tel:  212-775-8700
mfurrow@kilpatricktownsend.com

Respectfully submitted,

BARNARD, MEZZANOTTE, PINNIE,
SEELAUS & KRAFT, LLP

 /s/ Denise S. Kraft
Denise S. Kraft (DE Bar. No. 2778)
1205 N. Orange St.,
P.O. Box 26304
Wilmington, DE  19899
(302) 594-4535
dkraft@bmpsklaw.com

Counsel for Plaintiffs Zogenix, Inc.
and Zogenix International, Ltd.

Kimberlynn B. Davis
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE Suite 2800
Atlanta, GA  30309
Tel:  404-541-6815
kbdavis@kilpatricktownsend.com

## CERTIFICATE OF SERVICE

I, Denise S. Kraft, hereby certify that on January 11, 2022, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on the same date the attached document was electronically mailed to the following:

John C. Philips, Jr.
David A. Bilson (# 4986)
PHILLIPS, McLAUGHLIN &
HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

Attorneys for Lupin Ltd


Keith D. Parr
Nina Vachhani
Smitha B. Uthaman
Leah M. Brackensick
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700
kparr@lockelord.com
nvachhani@lockelord.com
Smitha.Uthaman@lockelord.com
Leah.Brackensick@lockelord.com

Attorneys for Lupin Ltd

|  |  |
|---|---|
| OF COUNSEL:<br><br>Stuart E. Pollack<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY  10036-7703<br>Tel:  212-775-8700<br>spollack@kilpatricktownsend.com<br><br>April Abele Isaacson<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>2 Embarcadero Center, Suite 1900<br>San Francisco, CA  94111<br>Tel:  415-576-0200<br>aisaacson@kilpatricktownsend.com<br><br>Michael E. Furrow<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY  10036-7703<br>Tel:  212-775-8700<br>mfurrow@kilpatricktownsend.com<br><br>Kimberlynn B. Davis<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street NE Suite 2800<br>Atlanta, GA  30309<br>Tel:  404-541-6815<br>kbdavis@kilpatricktownsend.com | BARNARD, MEZZANOTTE, PINNIE, SEELAUS & KRAFT, LLP<br><br> */s/ Denise S. Kraft*<br>Denise S. Kraft (DE Bar. No. 2778)<br>1205 N. Orange St.,<br>P.O. Box 26304<br>Wilmington, DE  19899<br>(302) 594-4535<br>dkraft@bmpsklaw.com<br><br>Counsel for Plaintiffs Zogenix, Inc. and Zogenix International, Ltd. |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court<br>District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Kraft, Denise on 1/11/2022 at 4:10 PM EST and filed on 1/11/2022

**Case Name:**     Zogenix, Inc. et al v. Lupin Ltd.
**Case Number:**   1:21-cv-01424-RGA
**Filer:**         Katholieke Universiteit Leuven
                   University Hospital Antwerp
                   Zogenix International Ltd.
                   Zogenix, Inc.

**Document Number:** 21

**Docket Text:**
**[SEALED] OPENING BRIEF in Support re [20] MOTION to Dismiss Based upon Plaintiffs' Partial Motion to Dismiss Defendant's Counterclaims XV-XVIII Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) filed by Katholieke Universiteit Leuven, University Hospital Antwerp, Zogenix International Ltd., Zogenix, Inc..Answering Brief/Response due date per Local Rules is 1/25/2022. (Attachments: # (1) Exhibit SEALED)(Kraft, Denise)**

**1:21-cv-01424-RGA Notice has been electronically mailed to:**

April Abele Isaacson     aisaacson@kilpatricktownsend.com, mstephens@kilpatricktownsend.com

David A. Bilson     dab@pgmhlaw.com, ekw@pgmhlaw.com

Denise Seastone Kraft     dkraft@bmplaw.net, jluce@bmplaw.net, nmccarthy@bmplaw.net

John C. Phillips , Jr     jcp@pgmhlaw.com, tlb@pgslaw.com

Keith D. Parr     kparr@lockelord.com, diane.halm@lockelord.com

Kimberlynn B. Davis     kbdavis@kilpatricktownsend.com

Leah Brackensick     leah.brackensick@lockelord.com

Michael E. Furrow     mfurrow@kilpatricktownsend.com

Nina Vachhani     nvachhani@lockelord.com, autodocket@lockelord.com

Smitha B. Uthaman     smitha.uthaman@lockelord.com, elsa.vargas@lockelord.com

Stuart E. Pollack     spollack@kilpatricktownsend.com, bnelson@kilpatricktownsend.com

**1:21-cv-01424-RGA Filer will deliver document by other means to:**
The following document(s) are associated with this transaction:
**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/11/2022] [FileNumber=4761537-0
] [963ce18ba9bdef2b503a1754edba85ec2eb3b4a4ddf42e441053baed6b866efdac7
ec66ac7a77cd5364fae84a975e085c094e9c2645aced9b550d385729793b1]]
**Document description:** Exhibit SEALED
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/11/2022] [FileNumber=4761537-1
] [291e1cfb1283bc18b343148343ac17c4aa80a8e77e1c26e0778447877a6fbaa9ba4
6712ef9df7e1b79a9871399c7e100907ff56adafafba5e0b1b604140675c8]]