# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOGENIX, INC., ZOGENIX INTERNATIONAL LTD., KATHOLIEKE UNIVERSITEIT LEUVEN, and UNIVERSITY HOSPITAL ANTWERP | |
| Plaintiffs, | C.A. No. 1:21-cv-1424-~~CFC~~RGA |
| v. | |
| LUPIN LTD., | |
| Defendant. | |

## LUPIN LTD.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendant Lupin Ltd. ("Lupin"), for its First Amended Answer, Affirmative Defenses, and Counterclaims to the Complaint of Zogenix, Inc. ("Zogenix Inc."), Zogenix International Ltd. ("Zogenix International"), Katholieke Universiteit Leuven ("KU Leuven"), and University Hospital Antwerp ("UZA") (collectively, "Plaintiffs"), states as follows:

All averments not expressly admitted are denied.

## NATURE OF ACTION

1.     This is an action by Zogenix and the Universities against Lupin for infringement of United States Patent Nos. 9,549,909 ("the '909 patent"), 9,603,814 ("the '814 patent"), 9,603,815 ("the '3815 patent"), 9,610,260 ("the '260 patent"),

10,478,441 ("the '441 patent"), 10,478,442 ("the '442 patent"), and 10,947,183 ("the '183 patent") (collectively, "the Asserted Patents").

**ANSWER:**  The allegations in paragraph 1 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that the Complaint purports to be a civil action alleging infringement of U.S. Patent Nos. 9,549,909 ("the '909 patent"), 9,603,814 ("the '814 patent"), 9,603,815 ("the '3815 patent"), 9,610,260 ("the '260 patent"), 10,478,441 ("the '441 patent"), 10,478,442 ("the '442 patent"), and 10,947,183 ("the '183 patent") (collectively, "the Asserted Patents"). Lupin denies all other allegations in paragraph 1.

2.    This action arises out of Lupin's filing of Abbreviated New Drug Application ("ANDA") No. 216218 seeking approval by the United States Food and Drug Administration ("FDA") to sell generic copies of Zogenix's FINTEPLA® (fenfluramine) oral solution, CIV (DEA Schedule IV controlled substance) product prior to the expiration of the Asserted Patents.  Lupin's proposed generic fenfluramine hydrochloride oral solution, 2.2 mg base/mL product that is the subject of Lupin's ANDA No. 216218 is referred to herein as "Lupin's ANDA Product."

**ANSWER:**  The allegations in paragraph 2 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that Lupin submitted Abbreviated New Drug Application ("ANDA") No. 216218 to the United States Food and Drug Administration ("FDA") seeking FDA approval of the Fenfluramine Oral Solution, 2.2 mg/mL CIV described in ANDA No. 216218.  Lupin further admits that ANDA No. 216218 includes ~~certifications~~a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV ~~Certifications~~Certification") with respect to the '183 patent.  Lupin avers that ANDA No. 216218 has been amended

to include statements pursuant to 21 U.S.C. § 355(j)(2)(A)(viii) ("Section viii

Statements") with respect to the '909, '814, '3815, '260, '441, and '442, and '183

patents.  Lupin further admits on information and belief that the Asserted Patents are

listed in FDA's Approved Drug Products with Therapeutic Equivalence Evaluations

(the "Orange Book") in connection with New Drug Application ("NDA") No.

212102, FINTEPLA® (fenfluramine hydrochloride) oral solution, EQ 2.2 mg

base/mL.  Lupin denies all other allegations in paragraph 2.

## **THE PARTIES**

3.     Plaintiff Zogenix, Inc. is a corporation organized and existing under the
laws of Delaware and having a place of business at 5959 Horton Street, Emeryville,
CA 94608.  Zogenix, Inc. is a global biopharmaceutical company that develops and
commercializes therapies for rare diseases.  Zogenix, Inc. owns approved New Drug
Application ("NDA") No. 212102 for 2.2 mg/mL fenfluramine for the treatment of
seizures associated with Dravet syndrome in patients 2 years of age and older, which
Zogenix sells under the registered name Fintepla.  Zogenix, Inc. has the sole right to
market Fintepla in the United States.

**ANSWER:**  The allegations in paragraph 3 are legal conclusions to which no answer

is required.  To the extent an answer is required, Lupin admits on information and

belief that FDA's Orange Book lists "FENFLURAMINE HYDROCHLORIDE" as

the Active Ingredient, "EQ 2.2MG BASE/ML" as the Strength, "ZOGENIX INC"

as the Applicant Holder, and "FINTEPLA" as the Proprietary Name in connection

with NDA No. 212102.  Lupin further admits that the prescribing information for

FINTEPLA® (fenfluramine) oral solution, CIV, revised 6/2020, states "FINTEPLA

is indicated for the treatment of seizures associated with Dravet syndrome in patients

2 years of age and older." Lupin lacks knowledge or information sufficient to form a belief regarding the truth of all other allegations in paragraph 3 and therefore denies them.

4.      Plaintiff Zogenix International Ltd. is a corporation organized and existing under the laws of the England and Wales and having a place of business at The Pearce Building, West Street, Maidenhead, Berkshire SL6 1RL, UK.  Zogenix International Ltd. is a wholly owned subsidiary of Zogenix, Inc.  Zogenix International Ltd. owns certain Asserted Patents and has an exclusive license from the Universities to the other Asserted Patents.

**ANSWER:** The allegations in paragraph 4 state legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that Zogenix International is the assignee of the '183 patent according to the patent assignment listings of the United States Patent and Trademark Office ("USPTO"), Reel No. 050029, Frame No. 0584.  Lupin lacks knowledge or information sufficient to form a belief regarding the truth of all other allegations in paragraph 4 and therefore denies them.

5.      Plaintiff Katholieke Universiteit Leuven ("KU Leuven") is a public institution organized and existing under the laws of Belgium and having a place of business at Oude Markt 13, 3000 Leuven, Belgium.  KU Leuven co-owns certain of the Asserted Patents with University Hospital Antwerp.

**ANSWER:** The allegations in paragraph 5 state legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that KU Leuven and UZA are the assignees of the '909 patent according to USPTO's patent assignment listings, Reel No. 031362, Frame No. 0543; the '814 patent according to

USPTO's patent assignment listings, Reel No. 035973, Frame No. 0054; the '3815 patent according to USPTO's patent assignment listings, Reel No. 038454, Frame No. 0015; the '260 patent according to USPTO's patent assignment listings, Reel No. 035972, Frame No. 0983; the '441 patent according to USPTO's patent assignment listings, Reel No. 041225, Frame No. 0712; and the '442 patent according to USPTO's patent assignment listings, Reel No. 041229, Frame No. 0107. Lupin lacks knowledge or information sufficient to form a belief regarding the truth of all other allegations in paragraph 5 and therefore denies them.

6.      Plaintiff University Hospital Antwerp (also known as "Universitair Ziekenhuis Antwerpen" or "UZA") is a hospital organized and existing under the laws of Belgium and having a place of business at Wilrijkstraat 10, 2650 Edegem, Belgium.  University Hospital Antwerp co-owns certain of the Asserted Patents with KU Leuven.

**ANSWER:** The allegations in paragraph 6 state legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that KU Leuven and UZA are the assignees of the '909 patent according to the patent assignment listings of the USPTO, Reel No. 031362, Frame No. 0543; the '814 patent according to USPTO's patent assignment listings, Reel No. 035973, Frame No. 0054; the '3815 patent according to USPTO's patent assignment listings, Reel No. 038454, Frame No. 0015; the '260 patent according to USPTO's patent assignment listings, Reel No. 035972, Frame No. 0983; the '441 patent according to USPTO's patent assignment listings, Reel No. 041225, Frame No. 0712; and

the '442 patent according to USPTO's patent assignment listings, Reel No. 041229,

Frame No. 0107.  Lupin lacks knowledge or information sufficient to form a belief

regarding the truth of all other allegations in paragraph 6 and therefore denies them.

7.      Upon information and belief, Lupin Limited is a corporation organized
under the laws of India and its principal place of business is located at 3rd Floor,
Kalpataru Inspire, Off Western Express Highway, Santacruz (E), Mumbai 400 055,
India.

**ANSWER:** Admitted.

### JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35,
United States Code.

**ANSWER:**  The allegations in paragraph 8 are legal conclusions to which no answer

is required.  To the extent an answer is required, Lupin admits that the Complaint

purports to state a claim for patent infringement under the patent laws of the United

States, Title 35 of the United States Code.  Lupin denies all other allegations in

paragraph 8.

9.      The Court has subject matter jurisdiction over this action pursuant to
the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:**  The allegations in paragraph 9 are legal conclusions to which no answer

is required.  To the extent an answer is required, Lupin states that Lupin does not

contest subject matter jurisdiction in this Court solely for purposes of Plaintiffs'

claims against Lupin in this case with respect to the '183 patent and solely as they

apply to the proposed product described in ANDA No. 216218.  Lupin denies that

the Court has subject matter jurisdiction over Plaintiffs' claims with respect to the '909, '814, '3815, '260, '441, and '442 patents.   Lupin denies all other allegations in paragraph 9.

10.    This Court has personal jurisdiction over Lupin Limited. under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, Lupin Limited is organized under the laws of India.

**ANSWER:** The allegations in paragraph 10 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that it is a corporation organized and existing under the laws of India.  Lupin states that it does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against it in this case and solely as they apply to the proposed product described in ANDA No. 216218.  Lupin denies all other allegations in paragraph 10.

11.    This Court has personal jurisdiction over Lupin Limited because at least one of the provisions under Del. Code Ann. Tit. 10, § 3104, is satisfied.

**ANSWER:** The allegations in paragraph 11 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin states that it does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against it in this case and solely as they apply to the proposed product described in ANDA No. 216218.  Lupin denies all other allegations in paragraph 11.

12.    Upon information and belief, Lupin satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), and § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or

omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State").

**ANSWER:** The allegations in paragraph 12 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin states that it does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against it in this case and solely as they apply to the proposed product described in ANDA No. 216218. Lupin denies all other allegations in paragraph 12.

13. This court also has personal jurisdiction over Lupin Limited because this suit arises out of and relates to Lupin Limited's activities, in concert with its U.S subsidiaries organized under the laws of the State of Delaware, that are, and will be, directed to Delaware.

**ANSWER:** The allegations in paragraph 13 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin states that it does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against it in this case and solely as they apply to the proposed product described in ANDA No. 216218. Lupin denies all other allegations in paragraph 13.

14. Upon information and belief, following any FDA approval of the Lupin's ANDA, Lupin Limited, in concert with its Delaware-incorporated U.S. subsidiaries, will market and sell Lupin's ANDA Product that is the subject of the infringement claims in this action in the State of Delaware and throughout the United States, including in this Judicial District.

**ANSWER:** The allegations in paragraph 14 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA

approval of the fenfluramine oral solution described in ANDA No. 216218.  Lupin

denies all other allegations in paragraph 14.

15.    Upon information and belief, Lupin Limited, directly and through its subsidiaries, affiliates, or agents, including its Delaware-incorporated U.S. subsidiaries, is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of Delaware and throughout the United States.

**ANSWER:** The allegations in paragraph 15 are legal conclusions to which no

answer is required.  To the extent an answer is required, Lupin admits that it

manufactures pharmaceutical products, including generic pharmaceutical products.

Lupin states that it does not contest personal jurisdiction in this Court solely for

purposes of Plaintiffs' claims against it in this case and solely as they apply to the

proposed product described in ANDA No. 216218.  Lupin denies all other

allegations in paragraph 15.

16.    Upon information and belief, Lupin Limited and its Delaware incorporated U.S. subsidiaries are agents of each other and/or work in concert with each other on the development, obtaining of regulatory approval, manufacture, marketing, sale, and/or distribution of generic drugs, including Lupin's ANDA Product.

**ANSWER:** The allegations in paragraph 16 are legal conclusions to which no

answer is required.  To the extent an answer is required, Lupin admits that it

manufactures pharmaceutical products, including generic pharmaceutical products.

Lupin further states that Lupin does not contest personal jurisdiction in this Court

solely for purposes of Plaintiffs' claims against Lupin in this case and solely as they

apply to the proposed product described in ANDA No. 216218.  Lupin denies all other allegations in paragraph 16.

17.    Upon information and belief, and as indicated by the Notice Letter, Lupin prepared and filed ANDA No. 216218 with the intention of seeking to market Lupin's ANDA Product nationwide, including within this Judicial District.

**ANSWER:** Lupin admits that it transmitted a letter dated August 27, 2021 ("Lupin's Notice Letter") to Plaintiffs, notifying Plaintiffs that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval of the fenfluramine oral solution described in ANDA No. 216218.  Lupin denies all other allegations in paragraph 17.

18.    Lupin's infringing activities with respect to its filing of ANDA No. 216218 and its intent to commercialize and sell Lupin's ANDA Product have led and/or will lead to foreseeable harm and injury to Zogenix and the Universities.

**ANSWER:** Denied.

19.    Venue is proper in this Judicial District under 28 U.S.C. § 1391 and § 1400(b) with regard to Lupin Limited, because, upon information and belief, Lupin Limited is incorporated in India and may be sued in any judicial district in the United States in which Lupin Limited is subject to the Court's personal jurisdiction.

**ANSWER:** The allegations in paragraph 19 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that it is a company organized and existing under the laws of India.  Lupin states that it does not contest venue in this Court solely for purposes of Plaintiffs' claims against it in this case and solely as they apply to the proposed product described in ANDA No. 216218.  Lupin denies all other allegations in paragraph 19.

# BACKGROUND
# FINTEPLA

20.    The active ingredient in Zogenix's Fintepla product is fenfluramine hydrochloride.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists

"FENFLURAMINE HYDROCHLORIDE" as the Active Ingredient of Fintepla®.

Lupin denies all other allegations in paragraph 20.

21.    Zogenix markets Fintepla oral solution that contains 2.2 mg/mL fenfluramine, equivalent to 2.5 mg/mL of the hydrochloride salt.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists

"FENFLURAMINE HYDROCHLORIDE" as the Active Ingredient, "EQ 2.2MG

BASE/ML" as the Strength, "SOLUTION; ORAL" as the Dosage Form; Route of

Administration, "ZOGENIX INC" as the Applicant Holder, and "FINTEPLA" as

the Proprietary Name in connection with NDA No. 212102.  Lupin lacks knowledge

or information sufficient to form a belief regarding the truth of all other allegations

in paragraph 21 and therefore denies them.

22.    The FDA-approved Prescribing Information for Fintepla states that fenfluramine hydrochloride is designated chemically as N-ethyl-α-methyl-3-(trifluoromethyl)phenethylamine hydrochloride.   Fenfluramine hydrochloride comprises two stereoisomers in a "racemic mixture," which are referred to as "dexfenfluramine" and "levofenfluramine."

**ANSWER:** Lupin admits on information and belief that the prescribing information

for FINTEPLA® (fenfluramine) oral solution, CIV, revised 6/2020, states that

"fenfluramine hydrochloride, is designated chemically as N-ethyl-α-methyl-3-

(trifluoromethyl)phenethylamine hydrochloride."   Lupin lacks knowledge or information sufficient to form a belief regarding the truth of all other allegations in paragraph 22 and therefore denies them.

23.   Fenfluramine is an amphetamine analogue that increases the extracellular levels of 5-hydroxytryptamine (5-HT, serotonin) in nervous tissue.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 23 and therefore denies them.

24.   The precise mechanisms by which fenfluramine exerts its therapeutic effects in the treatment of seizures associated with Dravet syndrome are unknown.

**ANSWER:** Lupin admits on information and belief that the prescribing information for FINTEPLA® (fenfluramine) oral solution, CIV, revised 6/2020, states that "FINTEPLA is indicated for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older."   Lupin lacks knowledge or information sufficient to form a belief regarding the truth of all other allegations in paragraph 24 and therefore denies them.

25.   It is currently theorized that fenfluramine acts by increasing extracellular levels of serotonin through interaction with serotonin transporter proteins, by exhibiting agonist activity at serotonin 5-HT1D, 5-HT-2A and 5-HT2C receptors, and by positively modulating the sigma-1 receptor.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 25 and therefore denies them.

26.   Fenfluramine was originally approved in the U.S. in 1973 as Pondimin® (20 mg tablets) and Ponderex® (20 mg capsules) for use as an anorectic agent and was prescribed both alone and in combination with phentermine ("fen-phen") as an appetite suppressant for the treatment of adult obesity.

**ANSWER:**  Lupin admits on information and belief that the prescribing information for FINTEPLA® (fenfluramine) oral solution, CIV, revised 6/2020, states "Initial U.S. Approval: 1973."  Lupin lacks knowledge or information sufficient to form a belief regarding the truth of all other allegations in paragraph 26 and therefore denies them.

27.    Fenfluramine was withdrawn from the worldwide market in the late 1990's (1997 in the U.S.) due to drug-related left-sided cardiac valvular disease.

**ANSWER:**  Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 27 and therefore denies them.

28.    On March 8, 1999, fenfluramine and the single stereoisomer dexfenfluramine were included in a Federal Register notice identifying drug products that were withdrawn from the U.S. market due to reasons of safety or effectiveness.

**ANSWER:**  Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 28 and therefore denies them.

29.    In 2015, the FDA determined that Pondimin® and Ponderex® specifically were withdrawn from the U.S. market due to reasons of safety or effectiveness.

**ANSWER:**  Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 29 and therefore denies them.

30.    On June 25, 2020, the FDA approved Zogenix's Fintepla product for the treatment of seizures associated with Dravet syndrome in patients aged 2 and older.

**ANSWER:**  Lupin admits on information and belief that FDA's Orange Book lists "Jun 25, 2020" as the Approval Date and "FINTEPLA" as the Proprietary Name in

connection with NDA No. 212102.  Lupin further admits on information and belief that the prescribing information for FINTEPLA® (fenfluramine) oral solution, CIV, revised 6/2020, states that "FINTEPLA is indicated for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older."  Lupin lacks knowledge or information sufficient to form a belief regarding the truth of all other allegations in paragraph 30 and therefore denies them.

31.    Dravet syndrome is a life-threatening, rare and chronic form of epilepsy, often characterized by severe and unrelenting seizures despite medical treatment.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 31 and therefore denies them.

32.    Dravet syndrome is difficult to treat with one or even two drugs, and generally requires three or four drugs to manage its severe and unrelenting seizures.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 32 and therefore denies them.

33.    Zogenix demonstrated the effectiveness of Fintepla for the treatment of seizures associated with Dravet syndrome in combination with stiripentol, clobazam, and valproate in one of two Phase III clinical studies.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 33 and therefore denies them.

34.    The studies measured the change from baseline in the frequency of convulsive seizures.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 34 and therefore denies them.

35.    In these studies, subjects treated with Fintepla in combination with stiripentol, clobazam, and valproate had highly significant greater reductions in the frequency of convulsive seizures during the trials than subjects who received placebo, stiripentol, clobazam, and valproate.  *See, e.g.*, Nabbout, R., Mistry, A., Zuberi, S., Villeneuve, N., Gil-Nagel, A., Sanchez-Carpintero, R., *et al.* (2020). Fenfluramine for treatment-resistant seizures in patients with Dravet syndrome receiving stiripentol-inclusive regimens: a randomized clinical trial. *JAMA Neurology*, 77(3), 300-308.  These reductions were seen within 3-4 weeks and remained generally consistent over the 14- to 15-week treatment periods, and these reductions were similarly observed in long-term, open-label studies.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 35 and therefore denies them.

### Orange Book Listing for FINTEPLA

36.    Zogenix, Inc. holds approved NDA No. 212102 for 2.2 mg/mL fenfluramine for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older, which Zogenix sells under the registered name Fintepla.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists "FENFLURAMINE HYDROCHLORIDE" as the Active Ingredient, "EQ 2.2MG BASE/ML" as the Strength, "ZOGENIX INC" as the Applicant Holder, and "FINTEPLA" as the Proprietary Name in connection with NDA No. 212102.  Lupin further admits on information and belief that the prescribing information for FINTEPLA® (fenfluramine) oral solution, CIV, revised 6/2020, states that "FINTEPLA is indicated for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older."  Lupin lacks knowledge or information sufficient to form a belief regarding the truth of all other allegations in paragraph 36 and therefore denies them.

37.     Fintepla has Orphan Drug Exclusivity that does not expire until June 25, 2027.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists "ODE-312" as an Exclusivity Code and June 25, 2027 as its Exclusivity Expiration in connection with FINTEPLA®.  Lupin lacks knowledge or information sufficient to form a belief regarding the truth of all other allegations in paragraph 37 and therefore denies them.

38.     Because of Fintepla's Orphan Drug Exclusivity, no generic version of Fintepla can be marketed until after June 25, 2027.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists "ODE-312" as an Exclusivity Code and June 25, 2027 as its Exclusivity Expiration in connection with FINTEPLA®.  Lupin denies any remaining allegations in paragraph 38.

39.     Pursuant to 21 U.S.C. § 355(b)(1) and the regulations the FDA has promulgated pursuant thereto, the Asserted Patents are among eleven patents listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") for the Fintepla NDA, which appear in the Orange Book as follows:

# **Patent Data**

| Product No | Patent No | Patent Expiration | Drug Substance | Drug Product | Patent Use Code | Delist Requested | Submission Date |
|---|---|---|---|---|---|---|---|
| 001 | 9549909 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9603814 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9603815 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9610260 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 10452815 | 06/29/2038 | | | U-2859 | | 07/24/2020 |
| 001 | 10478441 | 05/03/2033 | | | U-2860 | | 07/24/2020 |
| 001 | 10478442 | 05/03/2033 | | | U-2860 | | 07/24/2020 |
| 001 | 10603290 | 08/02/2037 | | | U-2861 | | 07/24/2020 |
| 001 | 10947183 | 12/20/2036 | DS | DP | | | 04/06/2021 |
| 001 | 10950331 | 09/28/2035 | | | U-3098 | | 04/06/2021 |

| Product No | Patent No | Patent Expiration | Drug Substance | Drug Product | Patent Use Code | Delist Requested | Submission Date |
|---|---|---|---|---|---|---|---|
| 001 | 11040018 | 08/02/2037 | | | U-2861 | | 07/22/2021 |

| Product No | Patent No | Patent Expiration | Drug Substance | Drug Product | Patent Use Code | Delist Requested | Submission Date |
|---|---|---|---|---|---|---|---|
| 001 | 9549909 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9603814 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9603815 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9610260 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 10452815 | 06/29/2038 | | | U-2859 | | 07/24/2020 |
| 001 | 10478441 | 05/03/2033 | | | U-2860 | | 07/24/2020 |
| 001 | 10478442 | 05/03/2033 | | | U-2860 | | 07/24/2020 |
| 001 | 10603290 | 08/02/2037 | | | U-2861 | | 07/24/2020 |
| 001 | 10947183 | 12/20/2036 | DS | DP | | | 04/06/2021 |
| 001 | 10950331 | 09/28/2035 | | | U-3098 | | 04/06/2021 |

| Product No | Patent No | Patent Expiration | Drug Substance | Drug Product | Patent Use Code | Delist Requested | Submission Date |
|---|---|---|---|---|---|---|---|
| 001 | 11040018 | 08/02/2037 | | | U-2861 | | 07/22/2021 |

**ANSWER:** The allegations in paragraph 39 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that the FDA's Orange Book lists the '909, '814, '3815, '260, '441, '442, and '183 patents in connection with NDA No. 212102.  Lupin denies all other allegations in paragraph 39.

### The '909 Patent

40.    On January 24, 2017, the USPTO issued the '909 patent, titled "Method for the Treatment of Dravet Syndrome."  The '909 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '909 patent is attached hereto as Exhibit A.

**ANSWER:** The allegations in paragraph 40 state legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that the '909 patent is titled "Method for the Treatment of Dravet Syndrome" and lists January 24, 2017 as the Date of Patent.  Lupin further admits that KU Leuven and UZA are listed as the Assignees on the face of the '909 patent and according to USPTO's patent assignment listing, Reel No. 031362, Frame No. 0543.  Lupin further admits that, on information and belief, what purports to be a copy of the '909 patent is attached to the Complaint as Exhibit A.  Lupin denies all other allegations in paragraph 40.

41.    The claims of the '909 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol, valproate, and clobazam for the treatment of seizures associated with Dravet syndrome.

**ANSWER:** The allegations in paragraph 41 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 41 accurately and completely recite the limitations of the claims of the '909 patent and, therefore, denies the allegations in paragraph 41.

42.    The expiration date for the '909 patent is May 3, 2033.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the expiration date of the '909 patent as May 3, 2033.  Lupin denies all other allegations in paragraph 42.

### The '814 Patent

43.    On March 28, 2017, the USPTO issued the '814 patent, titled "Method for the Treatment of Dravet Syndrome."  The '814 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '814 patent is attached hereto as Exhibit B.

**ANSWER:** The allegations in paragraph 43 state legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that the '814 patent is titled "Method for the Treatment of Dravet Syndrome" and lists March 28, 2017 as the Date of Patent.  Lupin further admits that KU Leuven and UZA are listed as the Assignees on the face of the '814 patent and according to the USPTO's patent assignment listing, Reel No. 035973, Frame No. 0054.  Lupin further admits that, on

information and belief, what purports to be a copy of the '814 patent is attached to the Complaint as Exhibit B.  Lupin denies all other allegations in paragraph 43.

44.     The claims of the '814 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol, valproate, and clobazam for the treatment of seizures associated with Dravet syndrome.

**ANSWER:** The allegations in paragraph 44 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 44 accurately and completely recite the limitations of the claims of the '814 patent and, therefore, denies the allegations in paragraph 44.

45.     The expiration date for the '814 patent is May 3, 2033.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the expiration date of the '814 patent as May 3, 2033.  Lupin denies all other allegations in paragraph 45.

## The '3815 Patent

46.     On March 28, 2017, the USPTO issued the '3815 patent, titled "Method for the Treatment of Dravet Syndrome."  The '3815 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '3815 patent is attached hereto as Exhibit C.

**ANSWER:** The allegations in paragraph 46 state legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that the '3815 patent is titled "Method for the Treatment of Dravet Syndrome" and lists March 28, 2017 as the Date of Patent.  Lupin further admits that KU Leuven and UZA are listed as the Assignees on the face of the '3815 patent and according to USPTO's patent

assignment listing, Reel No. 038454, Frame No. 0015.  Lupin further admits that, on

information and belief, what purports to be a copy of the '3815 patent is attached to

the Complaint as Exhibit C.  Lupin denies all other allegations in paragraph 46.

47.     The claims of the '3815 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol, valproate, and clobazam for the treatment of seizures associated with Dravet syndrome.

**ANSWER:** The allegations in paragraph 47 are legal conclusions to which no

answer is required.  To the extent an answer is required, Lupin denies that the

allegations in paragraph 47 accurately and completely recite the limitations of the

claims of the '3815 patent and, therefore, denies the allegations in paragraph 47.

48.     The expiration date for the '3815 patent is May 3, 2033.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists

the expiration date of the '3815 patent as May 3, 2033.  Lupin denies all other

allegations in paragraph 48.

## **The '260 Patent**

49.     On April 4, 2017, the USPTO issued the '260 patent, titled "Method for the Treatment of Dravet Syndrome."  The '260 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '260 patent is attached hereto as Exhibit D.

**ANSWER:** The allegations in paragraph 49 state legal conclusions to which no

answer is required.  To the extent an answer is required, Lupin admits that the '260

patent is titled "Method for the Treatment of Dravet Syndrome" and lists April 4,

2017 as the Date of Patent.  Lupin further admits that KU Leuven and UZA are listed

as the Assignees on the face of the '260 patent and according to USPTO's patent assignment listing, Reel No. 035972, Frame No. 0983. Lupin further admits that, on information and belief, what purports to be a copy of the '260 patent is attached to the Complaint as Exhibit D. Lupin denies all other allegations in paragraph 49.

50.    The claims of the '260 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol, valproate, and clobazam for the treatment of seizures associated with Dravet syndrome.

**ANSWER:** The allegations in paragraph 50 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin denies that the allegations in paragraph 50 accurately and completely recite the limitations of the claims of the '260 patent and, therefore, denies the allegations in paragraph 50.

51.    The expiration date for the '260 patent is May 3, 2033.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the expiration date of the '260 patent as May 3, 2033. Lupin denies all other allegations in paragraph 51.

## The '441 Patent

52.    On November 19, 2019, the USPTO issued the '441 patent, titled "Method for the Treatment of Dravet Syndrome." The '441 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees. A copy of the '441 patent is attached hereto as Exhibit E.

**ANSWER:** The allegations in paragraph 52 state legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the '441 patent is titled "Method for the Treatment of Dravet Syndrome" and lists November

19, 2019 as the Date of Patent.  Lupin further admits that KU Leuven and UZA are listed as the Assignees on the face of the '441 patent and according to USPTO's patent assignment listing, Reel No. 041225, Frame No. 0712.  Lupin further admits that, on information and belief, what purports to be a copy of the '441 patent is attached to the Complaint as Exhibit E.  Lupin denies all other allegations in paragraph 52.

53.    The claims of the '441 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol for the treatment of seizures associated with Dravet syndrome.

**ANSWER:** The allegations in paragraph 53 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 53 accurately and completely recite the limitations of the claims of the '441 patent and, therefore, denies the allegations in paragraph 53.

54.    The expiration date for the '441 patent is May 3, 2033.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the expiration date of the '441 patent as May 3, 2033.  Lupin denies all other allegations in paragraph 54.

### The '442 Patent

55.    On November 19, 2019, the USPTO issued the '442 patent, titled "Method for the Treatment of Dravet Syndrome."  The '442 patent is duly and legally assigned to the Universities and is exclusively licensed to Zogenix International Ltd. and its sublicencees.  A copy of the '442 patent is attached hereto as Exhibit F.

**ANSWER:** The allegations in paragraph 55 state legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that the '442 patent is titled "Method for the Treatment of Dravet Syndrome" and lists November 19, 2019 as the Date of Patent.  Lupin further admits that KU Leuven and UZA are listed as the Assignees on the face of the '442 patent and according to USPTO's patent assignment listing, Reel No. 041229, Frame No. 0107.  Lupin further admits that, on information and belief, what purports to be a copy of the '442 patent is attached to the Complaint as Exhibit F.  Lupin denies all other allegations in paragraph 55.

56.     The claims of the '442 patent are directed, *inter alia*, to methods for fenfluramine use in combination with stiripentol for the treatment of seizures associated with Dravet syndrome.

**ANSWER:** The allegations in paragraph 56 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 56 accurately and completely recite the limitations of the claims of the '442 patent and, therefore, denies the allegations in paragraph 56.

57.     The expiration date for the '442 patent is May 3, 2033.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the expiration date of the '442 patent as May 3, 2033.  Lupin denies all other allegations in paragraph 57.

## The '183 Patent

58.    On March 16, 2021, the USPTO issued the '183 patent, titled "Fenfluramine Compositions and Methods of Preparing the Same." The '183 patent is duly and legally assigned to Zogenix International Ltd. A copy of the '183 patent is attached hereto as Exhibit G.

**ANSWER:** The allegations in paragraph 58 state legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the '183 patent is titled "Fenfluramine Compositions and Methods of Preparing the Same" and lists March 16, 2021 as the Date of Patent. Lupin further admits that Zogenix International is listed as the Assignee on the face of the '183 patent and according to USPTO's patent assignment listing, Reel No. 050029, Frame No. 0584. Lupin further admits that, on information and belief, what purports to be a copy of the '183 patent is attached to the Complaint as Exhibit G. Lupin denies all other allegations in paragraph 58.

59.    The claims of the '183 patent are directed, *inter alia*, an [sic] improved form of the fenfluramine active ingredient.

**ANSWER:** The allegations in paragraph 59 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin denies that the allegations in paragraph 59 accurately and completely recite the limitations of the claims of the '183 patent and, therefore, denies the allegations in paragraph 59.

60.    The expiration date for the '183 patent is December 20, 2036.

**ANSWER:**  Lupin admits on information and belief that FDA's Orange Book lists the expiration date of the '183 patent as December 20, 2036.  Lupin denies all other allegations in paragraph 60.

### Lupin's ANDA No. 216108

61.    By letter dated August 27, 2021 (the "Lupin Notice Letter"), and received by all Plaintiffs by August 31, 2021, Lupin notified Zogenix and the Universities that it had filed ANDA No. 216218 with the FDA, seeking approval under the Federal Food, Drug and Cosmetic Act to market and sell Lupin's ANDA Product – generic copies of Zogenix's Fintepla product – prior to the expiration of the Asserted Patents.

**ANSWER:**  Lupin admits that it transmitted its Notice Letter dated August 27, 2021 ("Lupin's Notice Letter") to Plaintiffs, notifying Plaintiffs that Lupin submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval of the fenfluramine oral solution described in ANDA No. 216218 ~~and~~.  Lupin further admits that ANDA No. 216218 includes a Paragraph IV ~~Certifications~~Certification with respect to the '183 patent.  Lupin avers that ANDA No. 216218 has been amended to include Section viii Statements with respect to the '909, '814, '3815, '260, '441, and '442~~, and '183~~ patents.  Lupin further admits that ANDA No. 216218 identifies FINTEPLA® (fenfluramine hydrochloride) oral solution, EQ 2.2 mg base/mL, as the Reference Listed Drug.  Lupin denies all other allegations in paragraph 61.

62.    The Lupin Notice Letter states that ANDA No. 216218 seeks to "obtain approval to engage in the commercial manufacture, use, or sale" of Lupin's ANDA Product prior to the expiration of the Asserted Patents.

**ANSWER:** Lupin admits that it transmitted its Notice Letter to Plaintiffs, notifying Plaintiffs that Lupin submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval of the fenfluramine oral solution described in ANDA No. 216218 ~~and~~. Lupin further admits that ANDA No. 216218 includes a Paragraph IV ~~Certifications~~Certification with respect to the '183 patent.  Lupin avers that ANDA No. 216218 has been amended to include Section viii Statements with respect to the '909, '814, '3815, '260, '441, and '442~~, and '183~~ patents.  Lupin denies the allegations in paragraph 62 to the extent they misquote, improperly summarize, or mischaracterize Lupin's Notice Letter.  Lupin denies all other allegations in paragraph 62.

63.    The Lupin Notice Letter asserts that ANDA No. 216218 contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(B)(iv)(II) alleging that "no valid claim of [the Asserted Patents] will be infringed by the manufacture, importation, use or sale of" Lupin's ANDA Product.

**ANSWER:** Lupin admits that its Notice Letter to Plaintiffs states that Lupin's ANDA No. 216218 includes Paragraph IV Certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '909, '814, '3815, '260, '441, '442, and '183 patents.  Lupin further admits that its Notice Letter included a detailed statement of the factual and legal bases upon which it based its Paragraph IV Certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '909, '814, '3815, '260, '441, '442, and '183 patents.  Lupin avers that ANDA No. 216218 has been amended to include Section viii Statements with respect to

27

the '909, '814, '3815, '260, '441, and '442 patents.  Lupin denies the allegations in

paragraph 63 to the extent they misquote, improperly summarize, or mischaracterize

Lupin's Notice Letter.  Lupin denies all other allegations in paragraph 63.

64.     Attached to the Lupin Notice Letter was Lupin's Detailed Statement for
ANDA No. 216218 ("Lupin's Detailed Statement") asserting the purported factual
and legal bases for Lupin's contention that the Asserted Patents were invalid,
unenforceable, and/or will not be infringed by the commercial manufacture, use, or
sale of the drug product described in Lupin's ANDA.

**ANSWER:**  Lupin admits that its Notice Letter included a detailed statement of the

factual and legal bases upon which it based its Paragraph IV Certifications pursuant

to    21    U.S.C.    §    355(j)(2)(A)(vii)(IV)    with    respect    to

the '909, '814, '3815, '260, '441, '442, and '183 patents.  Lupin avers that ANDA

No. 216218 has been amended to include Section viii Statements with respect to

the '909, '814, '3815, '260, '441, and '442 patents.  Lupin denies all other

allegations in paragraph 64.

65.     Lupin's Detailed Statement alleges that all claims of the Asserted
Patents were invalid.

**ANSWER:**  Lupin admits that its Notice Letter notified Plaintiffs that no valid claim

of the '909, '814, '3815, '260, '441, '442, and '183 patents would be infringed by

the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of

ANDA No. 216218.  Lupin denies all other allegations in paragraph 65.

66.     Upon information and belief, upon approval of ANDA No. 216108,
Lupin will sell and distribute Lupin's ANDA Product throughout the United States.

**ANSWER:**  The allegations in paragraph 66 are not directed to ANDA No. 216218.

Accordingly, no answer from Lupin is required.  To the extent an answer is required,

Lupin admits that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. §

355(j), seeking FDA approval to engage in the commercial manufacture, use, or sale

within the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV,

that is the subject of ANDA No. 216218.  Lupin denies all other allegations in

paragraph 66.

67.    Upon information and belief, Lupin will sell and distribute Lupin's
ANDA Product with a product label substantially the same as the FDA-approved
product label for Fintepla.

**ANSWER:**  Lupin admits that it submitted ANDA No. 216218 to the FDA under 21

U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture,

use, or sale within the United States of the proposed fenfluramine oral solution, 2.2

mg/mL CIV, that is the subject of ANDA No. 216218.  Lupin further admits that the

product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that

is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers

that ANDA No. 216218 has been amended to include statements pursuant to 21

U.S.C. § 355(j)(2)(A)(viii) with respect to the '909, '814, '3815, '260, '441,

and '442 patents.  Lupin denies all other allegations in paragraph 67.

68.    The Asserted Patents listed in the Orange Book cover the use of
Fintepla as indicated on the FDA-approved Fintepla product, and are listed in the
Orange Book for that reason.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the '909, '814, '3815, '260, '441, '442, and '183 patents in connection with NDA No. 212102 for FINTEPLA. Lupin denies all other allegations in paragraph 68.

69.     Since Lupin's ANDA Product will have substantially the same label as the FDA-approved Fintepla label, the sale and use of Lupin's ANDA Product with its label infringes the Asserted Patents, as detailed further below.

**ANSWER:** Denied.

**COUNT I**
**(Direct Infringement of U.S. Patent No. 9,549,909 under 35 U.S.C. §**
**271(e)(2)(A))**

70.     The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding paragraphs 1-69, as if fully set forth herein.

71.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '909 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '909 patent.

**ANSWER:** Denied.

72.     Claim 1 of the '909 patent recites:

> 1. A method of ameliorating seizures in a patient diagnosed with Dravet syndrome, comprising:
>
> orally administering an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof;
>
> orally administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;

orally administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient;

and orally administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient,

whereby seizures are ameliorated in the patient.

**ANSWER:** The allegations in paragraph 72 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that claim 1 of the '909 patent reads:

> 1. A method of ameliorating seizures in a patient diagnosed with Dravet syndrome, comprising:
> orally administering an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof;
> orally administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
> orally administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient; and
> orally administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient,
> whereby seizures are ameliorated in the patient.

> 1. A method of ameliorating seizures in a patient diagnosed with Dravet syndrome, comprising:
> orally administering an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof;
> orally administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
> orally administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient; and
> orally administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient,
> whereby seizures are ameliorated in the patient.

Lupin denies all other allegations in paragraph 72.

73.    Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

**ANSWER:**  The allegations in paragraph 73 are not directed to any Asserted Patent and no answer is therefore required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 73 accurately and completely recite the arguments in its Notice letter, which states that "Lupin does not waive, and expressly reserves, the right to raise additional defenses and arguments concerning noninfringement, invalidity, and unenforceability of the '909, '814, '260, '3815, '441, '442, '183, '2815, and '331 patents in any ensuing litigation or other proceeding that may result from receipt of this letter."  *See Abbott Labs, Inc. v. Apotex Inc.*, 725 F. Supp. 2d 724, 727 (N.D. Ill. 2010) (refusing to strike defense theories not raised in defendant's notice letter because ANDA filers are "not limited to the invalidity and noninfringement theories raised in its paragraph IV notice letter"); *Astra Aktiebolag v. Kremers Urban Dev. Co.*, No. 99 Civ. 8928 (BSJ), 2000 U.S. Dist. LEXIS 2511, at *4 (S.D.N.Y. Mar. 6, 2000) ("There is no language in the relevant statutory provisions, legislative history or cases barring [an ANDA filer] from raising defenses and counterclaims not noticed in [its] ANDA.").  Lupin denies all other allegations in paragraph 73.

74.    Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit ... an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [*i.e.*, an ANDA] ... for a drug claimed in a patent or the use of which is claimed in a patent."

**ANSWER:** The allegations in paragraph 74 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin denies that the

allegations in paragraph 74 accurately and completely recite 35 U.S.C. §

271(e)(2)(A) and therefore denies them.

75.     Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '909 patent.

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21

U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture,

use, or sale within the United States of the proposed fenfluramine oral solution, 2.2

mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~. Lupin avers that ANDA

No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect

to the '909 patent.  Lupin denies all other allegations in paragraph 75.

76.     Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '909 patent.

**ANSWER:** The allegations in paragraph 76 lack sufficient clarity and no answer is

therefore required.   To the extent an answer is required, Lupin states that the

allegations in paragraph 76 do not accurately or completely recite the statements

made by Lupin in its Notice letter.   Lupin therefore denies the allegations in

paragraph 76.

77.     Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Denied.

78.     The foregoing actions by Lupin constitute infringement of at least claim 1 of the '909 patent.

**ANSWER:** Denied.

79.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '909 patent. Zogenix has no adequate remedy at law.

**ANSWER:** Denied.

## COUNT II
## (Indirect Infringement of U.S. Patent No. 9,549,909 under 35 U.S.C. § 271(b) & (c)

80.   The allegations of paragraphs 1-79 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding

paragraphs 1-79, as if fully set forth herein.

81.   Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby induce the infringement of one or more claims of the '909 patent, including at least claim 1 under 35 U.S.C. § 271(b).

**ANSWER:**  Lupin admits that it submitted ANDA No. 216218 to the FDA under 21

U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture,

use, or sale within the United States of the proposed fenfluramine oral solution, 2.2

mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~.  Lupin avers that ANDA

No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect

to the '909 patent.  Lupin denies all other allegations in paragraph 81.

82.   Upon information and belief, Lupin had knowledge of the '909 patent prior to infringement, because the '909 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

**ANSWER:** The allegations in paragraph 82 are legal conclusions to which no

answer is required.  To the extent that an answer is required, Lupin admits that it is

aware that the FDA's Orange Book lists the '909 patent in connection with NDA No. 212102 ~~and~~. Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '909 patent.  Lupin denies all other allegations in paragraph 82.

83.    Upon information and belief, Lupin knew that the '909 patent was listed in the Orange Book prior to the filing of its ANDA.

**ANSWER:** The allegations in paragraph 83 are legal conclusions to which no answer is required.  To the extent that an answer is required, Lupin admits that it is aware that the FDA's Orange Book lists the '909 patent in connection with NDA No. 212102 ~~and~~. Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '909 patent.  Lupin denies all other allegations in paragraph 83.

84.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '909 patent prior to filing Lupin's ANDA.

**ANSWER:** Lupin admits that its Notice Letter included a detailed statement of the factual and legal bases upon which it based its Paragraph IV Certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), including its Paragraph IV Certification with respect to the '909 patent.  Lupin avers that ANDA No. 216218 has been amended to include a Section viii Statement with respect to the '909 patent.  Lupin denies all other allegations in paragraph 84.

85.    Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '909 patent.

**ANSWER:** Denied.

86.    Because the '909 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '909 patent.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the '909 patent in connection with NDA No. 212102 for FINTEPLA.  Lupin denies all other allegations in paragraph 86.

87.    Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '909 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

**ANSWER:** Denied.

88.    The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

**ANSWER:** Denied.

89.    Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '909 patent.  Lupin denies all other allegations in paragraph 89.

90.    Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably

lead some prescribers, physicians, purchasers, or users to practice the claimed method.

**ANSWER:** Denied.

91.    Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

**ANSWER:** Denied.

92.    Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

**ANSWER:** Denied.

93.    Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  *Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '909 patent.*  Lupin denies all other allegations in paragraph 93.

94.    Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  *Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '909 patent.*  Lupin denies all other allegations in paragraph 94.

95.    Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

**ANSWER:** Lupin admits only that the product labeling for the proposed

fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218

will comply with applicable law.   Lupin avers that ANDA No. 216218 includes a

Section viii Statement with respect to the '909 patent.   Lupin denies all other

allegations in paragraph 95.

96.    Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '909 patent.

**ANSWER:** Denied.

97.    The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.  *See*, *e.g*., Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations in paragraph 97 and therefore denies them.

98.    Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Denied.

99.    Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

**ANSWER:** Denied.

100.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '909 patent.

**ANSWER:** Denied.

101.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '909 patent.  Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT III
## (Direct Infringement of U.S. Patent No. 9,603,814 under 35 U.S.C. § 271(e)(2)(A))

102.   The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding

paragraphs 1-101, as if fully set forth herein.

103.   Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '814 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '814 patent.

**ANSWER:** Denied.

104.   Claim 1 of the '814 patent recites:

1. A method of stimulating one or more 5-HT receptors in the brain of a patient diagnosed with Dravet syndrome, comprising:

administering an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof to said patient,

said one or more 5-HT receptors being selected from the group consisting of one or more of 5-HT1, 5-HT2, 5-HT3, 5-HT4, 5-HT5, 5-HT6, and 5-HT7;

administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;

administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient;

and administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient, whereby the 5-HT receptors are stimulated.

**ANSWER:** The allegations in paragraph 104 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that claim 1 of the '814 patent reads:

> **1**. A method of stimulating one or more 5-HT receptors in the brain of a patient diagnosed with Dravet syndrome, comprising:
> administering an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof to said patient, said one or more 5-HT receptors being selected from the group consisting of one or more of 5-HT1, 5-HT2, ~~5-HT3, 5-HT4, 5-HT5, 5-HT6, and 5-HT7;~~
> administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
> administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient; and
> administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient, whereby the 5-HT receptors are stimulated.

> **1**. A method of stimulating one or more 5-HT receptors in the brain of a patient diagnosed with Dravet syndrome, comprising:
>
> administering an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof to said patient, said one or more 5-HT receptors being selected from the group consisting of one or more of 5-HT1, 5-HT2, 5-HT3, 5-HT4, 5-HT5, 5-HT6, and 5-HT7;
>
> administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
>
> administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient; and
>
> administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient, whereby the 5-HT receptors are stimulated.

Lupin denies all other allegations in paragraph 104.

105. Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

**<u>ANSWER:</u>** The allegations in paragraph 105 are not directed to any Asserted Patent and no answer is therefore required. To the extent an answer is required, Lupin denies that the allegations in paragraph 105 accurately and completely recite the arguments in its Notice letter, which states that "Lupin does not waive, and expressly reserves, the right to raise additional defenses and arguments concerning noninfringement, invalidity, and unenforceability of the '909, '814, '260, '3815, '441, '442, '183, '2815, and '331 patents in any ensuing litigation or other proceeding that may result from receipt of this letter." *See Abbott Labs*, 725 F. Supp. 2d at 727 (refusing to strike defense theories not raised in defendant's notice letter because ANDA filers are "not limited to the invalidity and

noninfringement theories raised in its paragraph IV notice letter"); Astra Aktiebolag,

No. 99 Civ. 8928 (BSJ), 2000 U.S. Dist. LEXIS 2511, at *4 ("There is no language

in the relevant statutory provisions, legislative history or cases barring [an ANDA

filer] from raising defenses and counterclaims not noticed in [its] ANDA."). Lupin

denies all other allegations in paragraph 105.

106.   Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit ... an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [*i.e.*, an ANDA] ... for a drug claimed in a patent or the use of which is claimed in a patent."

**ANSWER:** The allegations in paragraph 106 are legal conclusions to which no

answer is required. To the extent an answer is required, Lupin denies that the

allegations in paragraph 106 accurately and completely recite 35 U.S.C. §

271(e)(2)(A) and therefore denies them.

107.   Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '814 patent.

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21

U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture,

use, or sale within the United States of the proposed fenfluramine oral solution, 2.2

mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~. Lupin avers that ANDA

No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect

to the '814 patent. Lupin denies all other allegations in paragraph 107.

108.   Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '814 patent.

**ANSWER:** The allegations in paragraph 108 lack sufficient clarity and no answer is therefore required.  To the extent an answer is required, Lupin states that the allegations in paragraph 108 do not accurately or completely recite the statements made by Lupin in its Notice letter.  Lupin therefore denies the allegations in paragraph 108.

109.   Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Denied.

110.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '814 patent.

**ANSWER:** Denied.

111.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '814 patent.  Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT IV
## (Indirect Infringement of U.S. Patent No. 9,603,814 under 35 U.S.C. § 271(b) & (c)

112.   The allegations of paragraphs 1-69 and 103-111 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding paragraphs 1-111, as if fully set forth herein.

113.   Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA

Product and will thereby induce the infringement of one or more claims of the '814 patent, including at least claim 1 under 35 U.S.C. § 271(b).

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, or sale within the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 and. Lupin avers that ANDA No. 216218 includes a Paragraph IV CertificationSection viii Statement with respect to the '814 patent. Lupin denies all other allegations in paragraph 113.

114.   Upon information and belief, Lupin had knowledge of the '814 patent prior to infringement, because the '814 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

**ANSWER:** The allegations in paragraph 114 are legal conclusions to which no answer is required. To the extent that an answer is required, Lupin admits that it is aware that the FDA's Orange Book lists the '814 patent in connection with NDA No. 212102 and. Lupin avers that ANDA No. 216218 includes a Paragraph IV CertificationSection viii Statement with respect to the '814 patent. Lupin denies all other allegations in paragraph 114.

115.   Upon information and belief, Lupin knew that the '814 patent was listed in the Orange Book prior to the filing of its ANDA.

**ANSWER:** The allegations in paragraph 115 are legal conclusions to which no answer is required. To the extent that an answer is required, Lupin admits that it is aware that the FDA's Orange Book lists the '814 patent in connection with NDA No. 212102 and. Lupin avers that ANDA No. 216218 includes a Paragraph IV

~~Certification~~Section viii Statement with respect to the '814 patent~~.~~.  Lupin denies all other allegations in paragraph 115.

116.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '814 patent prior to filing Lupin's ANDA.

**ANSWER:** Lupin admits that its Notice Letter included a detailed statement of the factual and legal bases upon which it based its Paragraph IV Certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV~~, including its Paragraph IV Certification~~).  Lupin avers that ANDA No. 216218 has been amended to include a Section viii Statement with respect to the '814 patent.  Lupin denies all other allegations in paragraph 116.

117.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '814 patent.

**ANSWER:** Denied.

118.   Because the '814 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '814 patent.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the '814 patent in connection with NDA No. 212102 for FINTEPLA.  Lupin denies all other allegations in paragraph 118.

119.   Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '814 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

**ANSWER:** Denied.

120.   The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

**ANSWER:** Denied.

121.   Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.   Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '814 patent.   Lupin denies all other allegations in paragraph 121.

122.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

**ANSWER:** Denied.

123.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

**ANSWER:** Denied.

124.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

**ANSWER:** Denied.

125.   Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '814 patent.  Lupin denies all other allegations in paragraph 125.

126.   Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '814 patent.  Lupin denies all other allegations in paragraph 126.

127.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '814 patent.  Lupin denies all other allegations in paragraph 127.

128.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '814 patent.

**ANSWER:** Denied.

129.   The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.  *See*, *e.g*., Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations in paragraph 129 and therefore denies them.

130.   Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Denied.

131.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

**ANSWER:** Denied.

132.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '814 patent.

**ANSWER:** Denied.

133.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '814 patent.  Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT V
### (Direct Infringement of U.S. Patent No. 9,603,815 under 35 U.S.C. § 271(e)(2)(A))

134.   The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding paragraphs 1-133, as if fully set forth herein.

135.   Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '3815 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '3815 patent.

**ANSWER:** Denied.

136.   Claim 1 of the '3815 patent recites:

> 1. A method of treating seizures in a patient diagnosed with Dravet syndrome, comprising:
>
> administering to the patient diagnosed with Dravet Syndrome a therapeutically effective dose of a 5-HT2C agonist;
>
> administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
>
> administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient;
>
> administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient;
>
> and allowing the 5-HT2C agonist to stimulate 5-HT2C receptors in the patient and thereby reduce seizures in the patient, wherein the 5-HT2C agonist is fenfluramine.

**ANSWER:** The allegations in paragraph 136 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that claim 1 of the '3815 patent reads:

1. A method of treating seizures in a patient diagnosed with Dravet syndrome, comprising:

administering to the patient diagnosed with Dravet Syndrome a therapeutically effective dose of a 5-HT2C agonist;

administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;

administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient;

administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient; and

allowing the 5-HT2C agonist to stimulate 5-HT2C receptors in the patient and thereby reduce seizures in the patient, wherein the 5-HT2C agonist is fenfluramine.

1. A method of treating seizures in a patient diagnosed with Dravet syndrome, comprising:

administering to the patient diagnosed with Dravet Syndrome a therapeutically effective dose of a 5-HT2C agonist;

administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;

administering an effective dose of valproate or a pharmaceutically acceptable salt thereof to said patient;

administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient; and

allowing the 5-HT2C agonist to stimulate 5-HT2C receptors in the patient and thereby reduce seizures in the patient, wherein the 5-HT2C agonist is fenfluramine.

Lupin denies all other allegations in paragraph 136.

137.   Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

**ANSWER:**  The allegations in paragraph 137 are not directed to any Asserted Patent and no answer is therefore required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 137 accurately and completely recite the arguments in its Notice letter, which states that "Lupin does not waive, and expressly reserves, the right to raise additional defenses and arguments concerning

noninfringement, invalidity, and unenforceability of the '909, '814, '260, '3815, '441, '442, '183, '2815, and '331 patents in any ensuing litigation or other proceeding that may result from receipt of this letter." *See Abbott Labs*, 725 F. Supp. 2d at 727 (refusing to strike defense theories not raised in defendant's notice letter because ANDA filers are "not limited to the invalidity and noninfringement theories raised in its paragraph IV notice letter"); *Astra Aktiebolag*, No. 99 Civ. 8928 (BSJ), 2000 U.S. Dist. LEXIS 2511, at *4 ("There is no language in the relevant statutory provisions, legislative history or cases barring [an ANDA filer] from raising defenses and counterclaims not noticed in [its] ANDA."). Lupin denies all other allegations in paragraph 137.

138.   Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit ... an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [*i.e.*, an ANDA] ... for a drug claimed in a patent or the use of which is claimed in a patent."

**ANSWER:** The allegations in paragraph 138 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 138 accurately and completely recite 35 U.S.C. § 271(e)(2)(A) and therefore denies them.

139.   Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '3815 patent.

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture,

use, or sale within the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '3815 patent.  Lupin denies all other allegations in paragraph 139.

140.   Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '3815 patent.

**ANSWER:** The allegations in paragraph 140 lack sufficient clarity and no answer is therefore required.  To the extent an answer is required, Lupin states that the allegations in paragraph 140 do not accurately or completely recite the statements made by Lupin in its Notice letter.  Lupin therefore denies the allegations in paragraph 140.

141.  Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Denied.

142.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '3815 patent.

**ANSWER:** Denied.

143.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '3815 patent.  Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT VI
## (Indirect Infringement of U.S. Patent No. 9,603,815 under 35 U.S.C. § 271(b) & (c))

144.   The allegations of paragraphs 1-69 and 135-143 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding paragraphs 1-143, as if fully set forth herein.

145.   Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby induce the infringement of one or more claims of the '3815 patent, including at least claim 1 under 35 U.S.C. § 271(b).

**ANSWER:**  Lupin admits that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, or sale within the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '3815 patent.  Lupin denies all other allegations in paragraph 145.

146.   Upon information and belief, Lupin had knowledge of the '3815 patent prior to infringement, because the '3815 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

**ANSWER:** The allegations in paragraph 146 are legal conclusions to which no answer is required.  To the extent that an answer is required, Lupin admits that it is aware that the FDA's Orange Book lists the '3815 patent in connection with NDA No. 212102 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV~~

~~Certification~~Section viii Statement with respect to the '3815 patent.  Lupin denies

all other allegations in paragraph 146.

147.   Upon information and belief, Lupin knew that the '3815 patent was listed in the Orange Book prior to the filing of its ANDA.

**ANSWER:** The allegations in paragraph 147 are legal conclusions to which no

answer is required.  To the extent that an answer is required, Lupin admits that it is

aware that the FDA's Orange Book lists the '3815 patent in connection with NDA

No. 212102 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV~~

~~Certification~~Section viii Statement with respect to the '3815 patent~~.~~.  Lupin denies

all other allegations in paragraph 147.

148.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '3815 patent prior to filing Lupin's ANDA.

**ANSWER:** Lupin admits that its Notice Letter included a detailed statement of the

factual and legal bases upon which it based its Paragraph IV Certifications pursuant

to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), including its Paragraph IV Certification with

respect to the '3815 patent.  Lupin avers that ANDA No. 216218 has been amended

to include a Section viii Statement with respect to the '3815 patent.  Lupin denies all

other allegations in paragraph 148.

149.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '3815 patent.

**ANSWER:** Denied.

150.   Because the '3815 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '3815 patent.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the '3815 patent in connection with NDA No. 212102 for FINTEPLA.  Lupin denies all other allegations in paragraph 150.

151.   Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '3815 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

**ANSWER:** Denied.

152.   The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

**ANSWER:** Denied.

153.   Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '3815 patent.  Lupin denies all other allegations in paragraph 153.

154.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

**ANSWER:** Denied.

155.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

**ANSWER:** Denied.

156.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

**ANSWER:** Denied.

157.   Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '3815 patent.  Lupin denies all other allegations in paragraph 157.

158.   Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '3815 patent. Lupin denies all other allegations in paragraph 158.

159.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '3815 patent.  Lupin denies all other allegations in paragraph 159.

160.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '3815 patent.

**ANSWER:** Denied.

161.   The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.  *See*, *e.g.*, Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 161 and therefore denies them.

162.   Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Denied.

163.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

**ANSWER:** Denied.

164.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '3815 patent.

**ANSWER:** Denied.

165.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '3815 patent.  Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT VII
## (Direct Infringement of U.S. Patent No. 9,610,260 under 35 U.S.C. § 271(e)(2)(A))

166.   The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding paragraphs 1-165, as if fully set forth herein.

167.   Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '260 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '260 patent.

**ANSWER:** Denied.

168.   Claim 1 of the '260 patent recites:

> 1. A method of treating seizures in a patient diagnosed with Dravet syndrome and exhibiting a mutation in one, some or all of the genes selected from the group consisting of SCN1A, SCN1B, SCN2A, SCN3A, SCN9A, GABRG2, GABRD and PCDH19 comprising
>
> administering to said patient an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof;
>
> administering an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;

administering an effective dose of a valproate or a pharmaceutically acceptable salt thereof to said patient;

and administering an effective dose of clobazam or a pharmaceutically acceptable salt thereof to said patient,

whereby seizures are ameliorated in the patient exhibiting the mutation.

**ANSWER:** The allegations in paragraph 168 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that claim 1 of the '260 patent reads:

1. A method of treating seizures in a patient diagnosed with Dravet syndrome and exhibiting a mutation in one, some or all of the genes selected from the group consisting of SCN1A, SCN1B, SCN2A, SCN3A, SCN9A, GABRG2, GABRD and PCDH19 comprising administering to said patient an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof;
~~administering an effective dose of stiripentol or a phar-maceutically acceptable salt thereof to said patient;~~
administering an effective dose of a valproate or a phar-maceutically acceptable salt thereof to said patient; and
administering an effective dose of clobazam or a phar-maceutically acceptable salt thereof to said patient,
whereby seizures are ameliorated in the patient exhibiting the mutation.

1. A method of treating seizures in a patient diagnosed with Dravet syndrome and exhibiting a mutation in one, some or all of the genes selected from the group consisting of SCN1A, SCN1B, SCN2A, SCN3A, SCN9A, GABRG2, GABRD and PCDH19 comprising administering to said patient an effective dose of fenfluramine or a pharmaceutically acceptable salt thereof;
administering an effective dose of stiripentol or a phar-maceutically acceptable salt thereof to said patient;
administering an effective dose of a valproate or a phar-maceutically acceptable salt thereof to said patient; and
administering an effective dose of clobazam or a phar-maceutically acceptable salt thereof to said patient,
whereby seizures are ameliorated in the patient exhibiting the mutation.

59

Lupin denies all other allegations in paragraph 168.

169.   Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

**ANSWER:**  The allegations in paragraph 169 are not directed to any Asserted Patent and no answer is therefore required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 169 accurately and completely recite the arguments in its Notice letter, which states that "Lupin does not waive, and expressly reserves, the right to raise additional defenses and arguments concerning noninfringement, invalidity, and unenforceability of the '909, '814, '260, '3815, '441, '442, '183, '2815, and '331 patents in any ensuing litigation or other proceeding that may result from receipt of this letter."  *See Abbott Labs*, 725 F. Supp. 2d at 727 (refusing to strike defense theories not raised in defendant's notice letter because ANDA filers are "not limited to the invalidity and noninfringement theories raised in its paragraph IV notice letter"); *Astra Aktiebolag*, No. 99 Civ. 8928 (BSJ), 2000 U.S. Dist. LEXIS 2511, at *4 ("There is no language in the relevant statutory provisions, legislative history or cases barring [an ANDA filer] from raising defenses and counterclaims not noticed in [its] ANDA.").  Lupin denies all other allegations in paragraph 169.

170.   Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit ... an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [*i.e.*, an ANDA] ... for a drug claimed in a patent or the use of which is claimed in a patent."

**ANSWER:** The allegations in paragraph 170 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin denies that the allegations in paragraph 170 accurately and completely recite 35 U.S.C. § 271(e)(2)(A) and therefore denies them.

171. Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '260 patent.

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, or sale within the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~. Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '260 patent. Lupin denies all other allegations in paragraph 171.

172. Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '260 patent.

**ANSWER:** The allegations in paragraph 172 lack sufficient clarity and no answer is therefore required. To the extent an answer is required, Lupin states that the allegations in paragraph 172 do not accurately or completely recite the statements made by Lupin in its Notice letter. Lupin therefore denies the allegations in paragraph 172.

173. Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Denied.

174.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '260 patent.

**ANSWER:** Denied.

175.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '260 patent. Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

### COUNT VIII
### (Indirect Infringement of U.S. Patent No. 9,610,260 under 35 U.S.C. § 271(b) & (c)

176.   The allegations of paragraphs 1-69 and 167-175 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding

paragraphs 1-175, as if fully set forth herein.

177.   Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby induce the infringement of one or more claims of the '260 patent, including at least claim 1 under 35 U.S.C. § 271(b).

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21

U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture,

use, or sale within the United States of the proposed fenfluramine oral solution, 2.2

mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~.  Lupin avers that ANDA

No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect

to the '260 patent.  Lupin denies all other allegations in paragraph 177.

178.   Upon information and belief, Lupin had knowledge of the '260 patent prior to infringement, because the '260 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

**ANSWER:** The allegations in paragraph 178 are legal conclusions to which no answer is required.  To the extent that an answer is required, Lupin admits that it is aware that the FDA's Orange Book lists the '260 patent in connection with NDA No. 212102 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '260 patent.  Lupin denies all other allegations in paragraph 178.

179.   Upon information and belief, Lupin knew that the '260 patent was listed in the Orange Book prior to the filing of its ANDA.

**ANSWER:** The allegations in paragraph 179 are legal conclusions to which no answer is required.  To the extent that an answer is required, Lupin admits that it is aware that the FDA's Orange Book lists the '260 patent in connection with NDA No. 212102 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '260 patent~~.~~.  Lupin denies all other allegations in paragraph 179.

180.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '260 patent prior to filing Lupin's ANDA.

**ANSWER:** Lupin admits that its Notice Letter included a detailed statement of the factual and legal bases upon which it based its Paragraph IV Certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), including its Paragraph IV Certification with respect to the '260 patent.  Lupin avers that ANDA No. 216218 has been amended

to include a Section viii Statement with respect to the '260 patent.  Lupin denies all

other allegations in paragraph 180.

181.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '260 patent.

**ANSWER:** Denied.

182.   Because the '260 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '260 patent.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists

the '260 patent in connection with NDA No. 212102 for FINTEPLA.  Lupin denies

all other allegations in paragraph 182.

183.   Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '260 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

**ANSWER:** Denied.

184.   The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

**ANSWER:** Denied.

185.   Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed

fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218

will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a

Section viii Statement with respect to the '260 patent.  Lupin denies all other

allegations in paragraph 185.

186.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

**ANSWER:** Denied.

187.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

**ANSWER:** Denied.

188.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

**ANSWER:** Denied.

189.   Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed

fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218

will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a

Section viii Statement with respect to the '260 patent.  Lupin denies all other

allegations in paragraph 189.

190.   Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed

fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218

will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '260 patent.  Lupin denies all other allegations in paragraph 190.

191.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '260 patent.  Lupin denies all other allegations in paragraph 191.

192.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '260 patent.

**ANSWER:** Denied.

193.   The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.  *See*, *e.g*., Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 193 and therefore denies them.

194.   Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Denied.

195.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

**ANSWER:** Denied.

196.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '260 patent.

**ANSWER:** Denied.

197.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '260 patent.  Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT IX
## (Direct Infringement of U.S. Patent No. 10,478,441 under 35 U.S.C. § 271(e)(2)(A))

198.   The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding

paragraphs 1-197, as if fully set forth herein.

199.   Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '441 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '441 patent.

**ANSWER:** Denied.

200.   Claim 1 of the '441 patent recites:

1. A method of stimulating 5-HT receptors in the brain of
a patient diagnosed with Dravet syndrome, comprising:

67

administering to the patient 0.2 mg/kg/day of fenfluramine or a pharmaceutically acceptable salt thereof;

and administering to the patient an effective dose of stiripentol or a pharmaceutically acceptable salt thereof;

whereby 5-HT receptors are stimulated and wherein the 5-HT receptor is in a family of receptors selected from the group consisting of 5-HT1, 5-HT2, 5-HT3, 5-HT4, 5-HT5, 5-HT6, and 5-HT7.

**ANSWER:** The allegations in paragraph 200 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that claim 1 of the '441 patent reads:

> 1. A method of stimulating 5-HT receptors in the brain of a patient diagnosed with Dravet syndrome, comprising:
> administering to the patient 0.2 mg/kg/day of fenfluramine or a pharmaceutically acceptable salt thereof; and
> ~~administering to the patient an effective dose of stiripentol~~ or a pharmaceutically acceptable salt thereof;
> whereby 5-HT receptors are stimulated and wherein the 5-HT receptor is in a family of receptors selected from the group consisting of 5-HT1, 5-HT2, 5-HT3, 5-HT4, 5-HT5, 5-HT6, and 5-HT7.

> 1. A method of stimulating 5-HT receptors in the brain of a patient diagnosed with Dravet syndrome, comprising:
> administering to the patient 0.2 mg/kg/day of fenfluramine or a pharmaceutically acceptable salt thereof; and
> administering to the patient an effective dose of stiripentol or a pharmaceutically acceptable salt thereof;
> whereby 5-HT receptors are stimulated and wherein the 5-HT receptor is in a family of receptors selected from the group consisting of 5-HT1, 5-HT2, 5-HT3, 5-HT4, 5-HT5, 5-HT6, and 5-HT7.

Lupin denies all other allegations in paragraph 200.

201.   Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

**ANSWER:**  The allegations in paragraph 201 are not directed to any Asserted Patent and no answer is therefore required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 201 accurately and completely recite the arguments in its Notice letter, which states that "Lupin does not waive, and expressly reserves, the right to raise additional defenses and arguments concerning noninfringement, invalidity, and unenforceability of the '909, '814, '260, '3815, '441, '442, '183, '2815, and '331 patents in any ensuing litigation or other proceeding that may result from receipt of this letter."  *See Abbott Labs*, 725 F. Supp. 2d at 727 (refusing to strike defense theories not raised in defendant's notice letter because ANDA filers are "not limited to the invalidity and noninfringement theories raised in its paragraph IV notice letter"); *Astra Aktiebolag*, No. 99 Civ. 8928 (BSJ), 2000 U.S. Dist. LEXIS 2511, at *4 ("There is no language in the relevant statutory provisions, legislative history or cases barring [an ANDA filer] from raising defenses and counterclaims not noticed in [its] ANDA.").  Lupin denies all other allegations in paragraph 201.

202.   Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit ... an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [i.e., an ANDA] ... for a drug claimed in a patent or the use of which is claimed in a patent."

**ANSWER:** The allegations in paragraph 202 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 202 accurately and completely recite 35 U.S.C. § 271(e)(2)(A) and therefore denies them.

203.   Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '441 patent.

**ANSWER:**  Lupin admits that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, or sale within the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '441 patent.  Lupin denies all other allegations in paragraph 203.

204.   Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '441 patent.

**ANSWER:** The allegations in paragraph 204 lack sufficient clarity and no answer is therefore required.  To the extent an answer is required, Lupin states that the allegations in paragraph 204 do not accurately or completely recite the statements made by Lupin in its Notice letter.  Lupin therefore denies the allegations in paragraph 204.

205.  Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Denied.

206.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '441 patent.

**ANSWER:** Denied.

207.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '441 patent. Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT X
## (Indirect Infringement of U.S. Patent No. 10,478,441 under 35 U.S.C. § 271(b) & (c))

208.   The allegations of paragraphs 1-69 and 199-207 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding

paragraphs 1-207, as if fully set forth herein.

209.   Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby induce the infringement of one or more claims of the '441 patent, including at least claim 1 under 35 U.S.C. § 271(b).

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21

U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture,

use, or sale within the United States of the proposed fenfluramine oral solution, 2.2

mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~.  Lupin avers that ANDA

No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect

to the '441 patent.  Lupin denies all other allegations in paragraph 209.

210.   Upon information and belief, Lupin had knowledge of the '441 patent prior to infringement, because the '441 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

**ANSWER:** The allegations in paragraph 210 are legal conclusions to which no answer is required.  To the extent that an answer is required, Lupin admits that it is aware that the FDA's Orange Book lists the '441 patent in connection with NDA No. 212102 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '441 patent~~.~~.  Lupin denies all other allegations in paragraph 210.

211.   Upon information and belief, Lupin knew that the '441 patent was listed in the Orange Book prior to the filing of its ANDA.

**ANSWER:** The allegations in paragraph 211 are legal conclusions to which no answer is required.  To the extent that an answer is required, Lupin admits that it is aware that the FDA's Orange Book lists the '441 patent in connection with NDA No. 212102 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '441 patent.  Lupin denies all other allegations in paragraph 211.

212.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '441 patent prior to filing Lupin's ANDA.

**ANSWER:** Lupin admits that its Notice Letter included a detailed statement of the factual and legal bases upon which it based its Paragraph IV Certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), including its Paragraph IV Certification with respect to the '441 patent.  Lupin avers that ANDA No. 216218 has been amended

to include a Section viii Statement with respect to the '441 patent.  Lupin denies all

other allegations in paragraph 212.

213.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '441 patent.

**ANSWER:** Denied.

214.   Because the '441 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '441 patent.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists

the '441 patent in connection with NDA No. 212102 for FINTEPLA.  Lupin denies

all other allegations in paragraph 214.

215.   Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '441 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

**ANSWER:** Denied.

216.   The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

**ANSWER:** Denied.

217.   Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed

fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218

will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a

Section viii Statement with respect to the '441 patent.   Lupin denies all other

allegations in paragraph 217.

218.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

**ANSWER:** Denied.

219.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

**ANSWER:** Denied.

220.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

**ANSWER:** Denied.

221.   Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed

fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218

will comply with applicable law.   Lupin avers that ANDA No. 216218 includes a

Section viii Statement with respect to the '441 patent.   Lupin denies all other

allegations in paragraph 221.

222.   Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed

fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218

will comply with applicable law.   Lupin avers that ANDA No. 216218 includes a

Section viii Statement with respect to the '441 patent.   Lupin denies all other

allegations in paragraph 222.

223.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

**ANSWER:** Lupin admits only that the product labeling for the proposed

fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218

will comply with applicable law.   Lupin avers that ANDA No. 216218 includes a

Section viii Statement with respect to the '441 patent.   Lupin denies all other

allegations in paragraph 223.

224.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '441 patent.

**ANSWER:** Denied.

225.   The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.   *See*, *e.g.*, Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations in paragraph 225 and therefore denies them.

226.   Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Denied.

227.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

**ANSWER:** Denied.

228.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '441 patent.

**ANSWER:** Denied.

229.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '441 patent.  Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT XI
## (Direct Infringement of U.S. Patent No. 10,478,442 under 35 U.S.C. § 271(e)(2)(A))

230.   The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding

paragraphs 1-229, as if fully set forth herein.

231.   Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 1 of the '442 patent entitling Zogenix and the Universities to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '442 patent.

**ANSWER:** Denied.

232.   Claim 1 of the '442 patent recites:

1. A method of adjunctive treatment of seizures in a patient diagnosed with Dravet syndrome, comprising:

administering to the patient 0.2 mg/kg/day of fenfluramine or a pharmaceutically acceptable salt thereof;

and administering to the patient an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;

whereby seizures are ameliorated in the patient.

**ANSWER:** The allegations in paragraph 232 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that claim 1 of the '442 patent reads:

1. A method of adjunctive treatment of seizures in a patient diagnosed with Dravet syndrome, comprising:
   administering to the patient 0.2 mg/kg/day of fenflu-ramine or a pharmaceutically acceptable salt thereof; ~~and~~
   administering to the patient an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
   whereby seizures are ameliorated in the patient.

1. A method of adjunctive treatment of seizures in a patient diagnosed with Dravet syndrome, comprising:
   administering to the patient 0.2 mg/kg/day of fenflu-ramine or a pharmaceutically acceptable salt thereof; and
   administering to the patient an effective dose of stiripentol or a pharmaceutically acceptable salt thereof to said patient;
   whereby seizures are ameliorated in the patient.

Lupin denies all other allegations in paragraph 232.

233. Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1, stated only that it did not treat Dravet syndrome.

**ANSWER:** The allegations in paragraph 233 are not directed to any Asserted Patent and no answer is therefore required. To the extent an answer is required, Lupin

77

denies that the allegations in paragraph 233 accurately and completely recite the arguments in its Notice letter, which states that "Lupin does not waive, and expressly reserves, the right to raise additional defenses and arguments concerning noninfringement, invalidity, and unenforceability of the '909, '814, '260, '3815, '441, '442, '183, '2815, and '331 patents in any ensuing litigation or other proceeding that may result from receipt of this letter." *See Abbott Labs*, 725 F. Supp. 2d at 727 (refusing to strike defense theories not raised in defendant's notice letter because ANDA filers are "not limited to the invalidity and noninfringement theories raised in its paragraph IV notice letter"); *Astra Aktiebolag*, No. 99 Civ. 8928 (BSJ), 2000 U.S. Dist. LEXIS 2511, at \*4 ("There is no language in the relevant statutory provisions, legislative history or cases barring [an ANDA filer] from raising defenses and counterclaims not noticed in [its] ANDA."). Lupin denies all other allegations in paragraph 233.

234.   Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit ... an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [i.e., an ANDA] ... for a drug claimed in a patent or the use of which is claimed in a patent."

**ANSWER:** The allegations in paragraph 234 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin denies that the allegations in paragraph 234 accurately and completely recite 35 U.S.C. § 271(e)(2)(A) and therefore denies them.

235.   Upon information and belief, Lupin has submitted Lupin's ANDA to use generic Fintepla for the uses claimed in the '442 patent.

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21

U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture,

use, or sale within the United States of the proposed fenfluramine oral solution, 2.2

mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~. Lupin avers that ANDA

No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect

to the '442 patent.  Lupin denies all other allegations in paragraph 235.

236.   Lupin, in its Detailed Statement, provided no explanation of why its ANDA was not submitted for a use which is claimed in the '442 patent.

**ANSWER:** The allegations in paragraph 236 lack sufficient clarity and no answer

is therefore required.  To the extent an answer is required, Lupin states that the

allegations in paragraph 236 do not accurately or completely recite the statements

made by Lupin in its Notice letter.  Lupin therefore denies the allegations in

paragraph 236.

237.  Thus, Lupin's submission of Lupin's ANDA is an act of direct infringement under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Denied.

238.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '442 patent.

**ANSWER:** Denied.

239.  Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '442 patent. Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT XII
## (Indirect Infringement of U.S. Patent No. 10,478,442 under 35 U.S.C. § 271(b) & (c))

240.   The allegations of paragraphs 1-69 and 231-239 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding

paragraphs 1-239, as if fully set forth herein.

241.   Upon information and belief, upon FDA approval, Lupin intends to engage in the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product and will thereby induce the infringement of one or more claims of the '442 patent, including at least claim 1 under 35 U.S.C. § 271(b).

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21

U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture,

use, or sale within the United States of the proposed fenfluramine oral solution, 2.2

mg/mL CIV, that is the subject of ANDA No. 216218 ~~and~~.  Lupin avers that ANDA

No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect

to the '442 patent.  Lupin denies all other allegations in paragraph 241.

242.   Upon information and belief, Lupin had knowledge of the '442 patent prior to infringement, because the '442 patent was listed in the Orange Book prior to the filing of Lupin's Paragraph IV certification.

**ANSWER:** The allegations in paragraph 242 are legal conclusions to which no

answer is required.  To the extent that an answer is required, Lupin admits that it is

aware that the FDA's Orange Book lists the '442 patent in connection with NDA No.

212102 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV~~

~~Certification~~Section viii Statement with respect to the '442 patent.  Lupin denies all other allegations in paragraph 242.

243.   Upon information and belief, Lupin knew that the '442 patent was listed in the Orange Book prior to the filing of its ANDA.

**ANSWER:** The allegations in paragraph 243 are legal conclusions to which no answer is required.  To the extent that an answer is required, Lupin admits that it is aware that the FDA's Orange Book lists the '442 patent in connection with NDA No. 212102 ~~and~~.  Lupin avers that ANDA No. 216218 includes a ~~Paragraph IV Certification~~Section viii Statement with respect to the '442 patent.  Lupin denies all other allegations in paragraph 243.

244.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the '442 patent prior to filing Lupin's ANDA.

**ANSWER:** Lupin admits that its Notice Letter included a detailed statement of the factual and legal bases upon which it based its Paragraph IV Certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), including its Paragraph IV Certification with respect to the '442 patent.  Lupin avers that ANDA No. 216218 has been amended to include a Section viii Statement with respect to the '442 patent.  Lupin denies all other allegations in paragraph 244.

245.   Lupin sent Zogenix and the Universities a Detailed Statement showing that Lupin knew of the substantial risk of infringement of the '442 patent.

**ANSWER:** Denied.

246.   Because the '442 patent covers the use of Fintepla, as stated in the Orange Book, Lupin knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '442 patent.

**ANSWER:** Lupin admits on information and belief that FDA's Orange Book lists the '442 patent in connection with NDA No. 212102 for FINTEPLA.  Lupin denies all other allegations in paragraph 246.

247.   Upon information and belief, Lupin will induce others to infringe at least claim 1 of the '442 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, physicians, purchasers, or users thereof.

**ANSWER:** Denied.

248.   The Fintepla label actively encourages direct infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with stiripentol, clobazam, and valproate.

**ANSWER:** Denied.

249.   Upon information and belief, Lupin's label will be substantially similar to Fintepla's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '442 patent.  Lupin denies all other allegations in paragraph 249.

250.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin's label will teach an infringing use, and its proposed label would inevitably lead some prescribers, physicians, purchasers, or users to practice the claimed method.

**ANSWER:** Denied.

251.   Because Lupin's label will be substantially similar to the Fintepla label, Lupin will have a specific intent to actively encourage direct infringement of claim 1 by marketing its generic copy of Fintepla.

**ANSWER:** Denied.

252.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(b).

**ANSWER:** Denied.

253.   Lupin's ANDA Product can be approved only for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.   Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '442 patent.   Lupin denies all other allegations in paragraph 253.

254.   Upon information and belief, Lupin knows that its ANDA Product can only be approved for use in Dravet syndrome in accordance with Lupin's label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.   Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '442 patent.   Lupin denies all other allegations in paragraph 254.

255.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in accordance with its label that is substantially similar to the Fintepla label.

**ANSWER:** Lupin admits only that the product labeling for the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will comply with applicable law.  Lupin avers that ANDA No. 216218 includes a Section viii Statement with respect to the '442 patent.  Lupin denies all other allegations in paragraph 255.

256.   Upon information and belief, Lupin knows that its ANDA Product is especially adapted for use in infringement of the '442 patent.

**ANSWER:** Denied.

257.   The standard of care for Dravet syndrome requires physicians and prescribers to start with clobazam or valproate, then add the other if the first choice is ineffective, then add stiripentol (which is only approved for use with clobazam and valproate), and then add fenfluramine or cannabidiol until the seizures are successfully managed.   *See*, *e.g.*, Cross, J. H., Caraballo, R. H., Nabbout, R., Vigevano, F., Guerrini, R., & Lagae, L. (2019). Dravet syndrome: treatment options and management of prolonged seizures. *Epilepsia*, 60, S39-S48.

**ANSWER:** Lupin lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 257 and therefore denies them.

258.   Lupin's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Denied.

259.   Thus, Lupin's ANDA Product infringes under 35 U.S.C. § 271(c).

**ANSWER:** Denied.

260.   The foregoing actions by Lupin constitute infringement of at least claim 1 of the '442 patent.

**ANSWER:** Denied.

261.   Zogenix and the Universities will be substantially and irreparably harmed if Lupin is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '442 patent.   Zogenix and the Universities have no adequate remedy at law.

**ANSWER:** Denied.

## COUNT XIII
## (Direct Infringement of U.S. Patent No. 10,947,183 under 35 U.S.C. § 271(e)(2)(A))

262.   The allegations of paragraphs 1-69 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:** Lupin repeats and re-alleges its answers to each of the preceding paragraphs 1-261, as if fully set forth herein.

263.   Pursuant to 35 U.S.C. § 271(e)(2)(A), Lupin's filing of ANDA No. 216218 seeking approval to market Lupin's ANDA Product is an act of infringement of at least claim 25 of the '183 patent entitling Zogenix to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216218 be a date which is not earlier than the expiration date of the '183 patent.

**ANSWER:** Denied.

264.   Claim 25 of the '183 patent recites:

> 25. A composition, comprising fenfluramine and at least one tri-fluoromethyl-phenyl regioisomer of fenfluramine, wherein the at least one trifluoromethyl-phenyl regioisomer of fenfluramine is present in some amount that is less than 0.2% by weight in total of trifluoromethyl-phenyl regioisomers of fenfluramine.

**ANSWER:** The allegations in paragraph 264 are legal conclusions to which no answer is required.  To the extent an answer is required, Lupin admits that claim 25 of the '183 patent reads:

> 25. A composition, comprising fenfluramine and at least one trifluoromethyl-phenyl regioisomer of fenfluramine, wherein the at least one trifluoromethyl-phenyl regioisomer of fenfluramine is present in some amount that is less than 0.2% by weight in total of trifluoromethyl-phenyl regioisomers of fenfluramine.

> 25. A composition, comprising fenfluramine and at least one trifluoromethyl-phenyl regioisomer of fenfluramine, wherein the at least one trifluoromethyl-phenyl regioisomer of fenfluramine is present in some amount that is less than 0.2% by weight in total of trifluoromethyl-phenyl regioisomers of fenfluramine.

Lupin denies all other allegations in paragraph 264.

265. Lupin, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 25, did not disclose any arguments that its ANDA Product would not infringe claims 25, 26, 27, and 32.

**ANSWER:** The allegations in paragraph 265 are not directed to any Asserted Patent and no answer is therefore required. To the extent an answer is required, Lupin admits that its Notice Letter included a detailed statement of the factual and legal bases upon which it based its Paragraph IV Certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), including its Paragraph IV Certification with respect to the '183 patent. Lupin denies that the allegations in paragraph 265 accurately and completely recite the arguments in its Notice letter, which states that "Lupin does not waive, and expressly reserves, the right to raise additional defenses and arguments concerning noninfringement, invalidity, and unenforceability of the '909, '814, '260, '3815, '441, '442, '183, '2815, and '331 patents in any ensuing

litigation or other proceeding that may result from receipt of this letter." *See Abbott Labs*, 725 F. Supp. 2d at 727 (refusing to strike defense theories not raised in defendant's notice letter because ANDA filers are "not limited to the invalidity and noninfringement theories raised in its paragraph IV notice letter"); *Astra Aktiebolag*, No. 99 Civ. 8928 (BSJ), 2000 U.S. Dist. LEXIS 2511, at *4 ("There is no language in the relevant statutory provisions, legislative history or cases barring [an ANDA filer] from raising defenses and counterclaims not noticed in [its] ANDA."). Lupin denies all other allegations in paragraph 265.

266.   Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit ... an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [i.e., an ANDA] ... for a drug claimed in a patent ...."

**ANSWER:** The allegations in paragraph 266 are legal conclusions to which no answer is required. To the extent an answer is required, Lupin denies that the allegations in paragraph 266 accurately and completely recite 35 U.S.C. § 271(e)(2)(A) and therefore denies them.

267.   Upon information and belief, Lupin has submitted Lupin's ANDA to market a generic Fintepla that contains a fenfluramine that infringes the '183 patent.

**ANSWER:** Lupin admits that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, or sale within the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 and that ANDA No. 216218

includes a Paragraph IV Certification with respect to the '183 patent.  Lupin denies all other allegations in paragraph 267.

268.   If Lupin's ANDA Product is approved, Lupin will make, use, import, or offer to sell or sell its ANDA Product in or into the United States, and these acts will infringe at least one claim of the '183 patent under 35 U.S.C. § 271(a), (b), (c), or (g).

**ANSWER:**  Lupin admits that it submitted ANDA No. 216218 to the FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, or sale within the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 and that ANDA No. 216218 includes a Paragraph IV Certification with respect to the '183 patent.  Lupin denies all other allegations in paragraph 268.

269.   Thus, Lupin's ANDA Product infringes the '183 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**  Denied.

270.   The foregoing actions by Lupin constitute infringement of at least claim 25 of the '183 patent.

**ANSWER:**  Denied.

271.   Zogenix will be substantially and irreparably harmed if Lupin is not enjoined from infringing one or more claims of the '183 patent.  Zogenix has no adequate remedy at law.

**ANSWER:**  Denied.

## **PRAYER FOR RELIEF**

Lupin denies all allegations not specifically admitted in its First Amended Answer and denies that Plaintiffs are entitled to the relief requested in the Complaint, or to any relief whatsoever.  Lupin respectfully requests that the Court: (a) dismiss the Complaint with prejudice; (b) enter judgment in Lupin's favor; (c) award Lupin its reasonable attorneys' fees and costs of defending this action pursuant to 35 U.S.C. § 285; and (d) award Lupin such further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its First Amended Answer, without admitting any allegations of the Complaint not otherwise admitted, and without undertaking any of the burdens of proof with respect to those matters on which, under law, Plaintiffs bear the burden of proof, Lupin Ltd. avers and asserts the following Affirmative Defenses to Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE
## (Noninfringement of U.S. Patent No. 9,549,909)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '909 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 9,549,909)

Upon information and belief, the claims of the '909 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

## THIRD AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 9,603,814)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '814 patent.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 9,603,814)

Upon information and belief, the claims of the '814 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

## FIFTH AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 9,603,815)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and or importation into, the United

States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '3815 patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 9,603,815)

Upon information and belief, the claims of the '3815 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

## SEVENTH AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 9,610,260)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '260 patent.

## EIGHTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 9,610,260)

Upon information and belief, the claims of the '260 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

## NINTH AFFIRMATIVE DEFENSE
## (Noninfringement of U.S. Patent No. 10,478,441)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '441 patent.

## TENTH AFFIRMATIVE DEFENSE
## (Invalidity of U.S. Patent No. 10,478,441)

Upon information and belief, the claims of the '441 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Noninfringement of U.S. Patent No. 10,478,442)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '442 patent.

## TWELFTH AFFIRMATIVE DEFENSE
## (Invalidity of U.S. Patent No. 10,478,442)

Upon information and belief, the claims of the '442 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Noninfringement of U.S. Patent No. 10,947,183)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '183 patent.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (Invalidity of U.S. Patent No. 10,947,183)

Upon information and belief, the claims of the '183 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Lack of Subject Matter Jurisdiction over Plaintiffs' Claims

**with Respect to U.S. Patent Nos. 9,549,909, 9,603,814,
9,603,815, 9,610,260, 10,478,441, and 10,478,442)**

The Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) over Plaintiffs' patent infringement claims directed to the '909, '814, '3815, '260, '441, and '442 patents (collectively referred to hereinafter as the "Section viii Patents"). Plaintiffs' Complaint alleges that it is an action for patent infringement arising under the Patent Laws of the United States. Plaintiffs' Complaint alleges that this Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

Lupin's ANDA No. 216218 has been amended to include Section viii Statements for the Section viii Patents. Plaintiffs' Complaint does not allege that the Court has subject matter jurisdiction based on any act other than the submission by Lupin of its ANDA to the FDA. Plaintiffs' Complaint does not allege that Lupin is currently making, using, selling, offering to sell or importing its proposed ANDA product in the United States. Lupin's submission of Section viii Statements for the Section viii Patents to the FDA provides no basis for declaratory relief with respect to those patents. The Court thus does not have subject matter jurisdiction over the claims in Plaintiffs' Complaint based on the Section viii Patents.

**SIXTEENTH AFFIRMATIVE DEFENSE
(Failure to State a Claim Upon Which Relief Can Be Granted over Plaintiffs'**

**Claims with Respect to U.S. Patent Nos. 9,549,909,
9,603,814, 9,603,815, 9,610,260, 10,478,441, and 10,478,442)**

Plaintiffs have failed to state a claim upon which relief can be granted under
Federal Rule of Civil Procedure 12(b)(6) with respect to their patent infringement
claims directed to the Section viii Patents.  Plaintiffs' Complaint alleges that it is an
action for patent infringement arising under the Patent Laws of the United States.

Lupin's ANDA No. 216218 has been amended to include Section viii
Statements for the Section viii Patents.  Plaintiffs' Complaint does not allege
infringement under any other theory other than the submission by Lupin of its
ANDA to the FDA.  Plaintiffs' Complaint does not allege that Lupin is currently
making, using, selling, offering to sell or importing its proposed ANDA product in
the United States.  Lupin's submission of Section viii Statements for the Section viii
Patents to the FDA provides no basis for declaratory relief with respect to those
patents.  Plaintiffs have thus failed to state a claim upon which relief can be granted
with respect to the Section viii Patents.

## RESERVATION OF DEFENSES

Lupin expressly reserves the right to supplement and/or amend its First
Amended Answer to Plaintiffs' Complaint, including, but not limited to,
supplementation and/or amendment of its defenses and amplifications of denials, as

additional facts and information become known through the course of this case and discovery and hereby reserves any and all defenses.

## **COUNTERCLAIMS**

Lupin Ltd. ("Lupin" or "Counterclaimant"), by its attorneys, alleges the following counterclaims against Plaintiffs/Counterclaim Defendants Zogenix, Inc. ("Zogenix Inc~~")~~.") and Zogenix International Ltd. ("Zogenix International~~"), Katholieke Universiteit Leuven ("KU Leuven"), and University Hospital Antwerp ("UZA")~~") (collectively, "Counterclaim Defendants").

## **THE PARTIES**

1.      Counterclaimant Lupin is a corporation organized and existing under the laws of India, having a principal place of business at 3rd Floor, Kalpataru Inspire, Off Western Express Highway, Santacruz (E), Mumbai 400 055, India.

2.      On information and belief, Counterclaim Defendant Zogenix, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 5959 Horton Street, Emeryville, CA 94608.

3.      On information and belief, Counterclaim Defendant Zogenix International is a corporation organized and existing under the laws of England and Wales, having its principal place of business at The Pearce Building, West Street, Maidenhead, Berkshire SL6 1RL, UK.

4.      On information and belief, Counterclaim Defendant KU Leuven is a public institution organized and existing under the laws of Belgium, having its principal place of business at Oude Markt 13, 3000 Leuven, Belgium.

5.      On information and belief, Counterclaim Defendant UZA is a hospital organized and existing under the laws of Belgium, having its principal place of business at Wilrijkstraat 10, 2650 Edegem, Belgium.

## JURISDICTION AND VENUE

6.4.    This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, 35 U.S.C. § 1 *et seq.*, and 35 U.S.C. § 271(e)(5).

7.5.    This Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants commenced and continue to maintain this action against Counterclaimant in this district.

8.6.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), 21 U.S.C. § 355(j)(5)(C)(i)(II), and because Counterclaim Defendants commenced and continue to maintain this action against Counterclaimant in this district.

## REGULATORY FRAMEWORK

9.7.    Under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 et seq., as amended by the Drug Price Competition and Patent Term

Restoration Act, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified as amended at

21 U.S.C. § 355 and 35 U.S.C. § 271) (the "Hatch-Waxman Act"), and the

Medicare Prescription Drug, Improvement, and Modernization Act, Pub. L. No.

108-173, 117 Stat. 2066 (2003) (codified as amended at 21 U.S.C. § 355 and 35

U.S.C. § 271), a pharmaceutical company seeking approval from the U.S. Food

and Drug Administration ("FDA") to sell a new drug must file a New Drug

Application ("NDA"), which includes specific data concerning the safety and

effectiveness of the drug referenced in the NDA, i.e., the reference-listed drug or

RLD.

10.8.  The Hatch-Waxman Act provides that NDA holders shall submit to

FDA the patent number and expiration date of any patent that the NDA holder

believes "claims the drug for which the applicant submitted the [NDA] … and with

respect to which a claim of patent infringement could reasonably be asserted if a

person not licensed by the [NDA] owner engaged in the manufacture, use, or sale

of the drug."  21 U.S.C. § 355(b)(1).  FDA lists the patent number(s) and

expiration date(s) in its publication entitled Approved Drug Products with

Therapeutic Equivalence Evaluations ("Orange Book").

11.9.  The Hatch-Waxman Act codified a process for the approval of generic

drugs by allowing a generic applicant to seek approval by filing an Abbreviated

New Drug Application ("ANDA").  *See* 21 U.S.C. § 355(j).

12.10.An ANDA must contain a certification with respect to any patent or patents listed in the Orange Book in connection with the RLD.  *See id.* at § 355(j)(2)(A)(vii).  ANDA filers may make one of four certifications with respect to each listed patent.  Pertinent here is the so-called Paragraph IV certification, which asserts that the listed patent is invalid or will not be infringed by the proposed generic drug product.  *See id.* at § 355(j)(2)(A)(vii)(IV).

## ORANGE BOOK-LISTED PATENTS FOR FINTEPLA®

13.11.On information and belief, Zogenix Inc. is the holder of NDA No. 212102 on FINTEPLA® (fenfluramine hydrochloride) oral solution, EQ 2.2mg base/mL.

14.    On information and belief, on January 24, 2017, U.S. Patent No. 9,549,909 ("the '909 patent"), titled "Method for the Treatment of Dravet Syndrome"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit A—was issued to KU Leuven and UZA as the Assignees according to the patent assignment listing of the United States Patent and Trademark Office ("USPTO"), Reel No. 031362, Frame No. 0543.  FDA's Orange Book lists the expiration date of the '909 patent as May 3, 2033.

99

15. On information and belief, on March 28, 2017, U.S. Patent No. 9,603,814 ("the '814 patent"), titled "Method for the Treatment of Dravet Syndrome" a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit B was issued to KU Leuven and UZA as the Assignees according to USPTO's patent assignment listing, Reel No. 035973, Frame No. 0054. FDA's Orange Book lists the expiration date of the '814 patent as May 3, 2033.

16. On information and belief, on March 28, 2017, U.S. Patent No. 9,603,815 ("the '3815 patent"), titled "Method for the Treatment of Dravet Syndrome" a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit C was issued to KU Leuven and UZA as the Assignees according to USPTO's patent assignment listing, Reel No. 038454, Frame No. 0015. FDA's Orange Book lists the expiration date of the '3815 patent as May 3, 2033.

17. On information and belief, on April 4, 2017, U.S. Patent No. 9,610,260 ("the '260 patent"), titled "Method for the Treatment of Dravet Syndrome" a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit D was issued to KU Leuven and UZA as the Assignees according to USPTO's patent assignment listing, Reel No. 035972, Frame No.

~~0983.  FDA's Orange Book lists the expiration date of the '260 patent as May 3, 2033.~~

~~18.    On information and belief, on November 19, 2019, U.S. Patent No. 10,478,441 ("the '441 patent"), titled "Method for the Treatment of Dravet Syndrome"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit E—was issued to KU Leuven and UZA as the Assignees according to USPTO's patent assignment listing, Reel No. 041225, Frame No. 0712.  FDA's Orange Book lists the expiration date of the '441 patent as May 3, 2033.~~

~~19.    On information and belief, on November 19, 2019, U.S. Patent No. 10,478,442 ("the '442 patent"), titled "Method for the Treatment of Dravet Syndrome"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit F—was issued to KU Leuven and UZA as the Assignees according to USPTO's patent assignment listing, Reel No. 041229, Frame No. 0107.  FDA's Orange Book lists the expiration date of the '442 patent as May 3, 2033.~~

~~20.~~12. On information and belief, on March 16, 2021, U.S. Patent No. 10,947,183 ("the '183 patent"), titled "Fenfluramine Compositions and Methods of Preparing the Same"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit G—was issued to Zogenix International as the

Assignee according to USPTO's patent assignment listing, Reel No. 050029,

Frame No. 0584.  FDA's Orange Book lists the expiration date of the '183 patent

as December 20, 2036.

21.    On information and belief, on October 22, 2019, U.S. Patent No.

10,452,815 ("the '2815 patent"), titled "Control System for Control of Distribution

of Medication"—a copy of which is attached hereto as Exhibit 1—was issued to

Zogenix International as the Assignee according to USPTO's patent assignment

listing, Reel 042380, Frame 0219.  FDA's Orange Book lists the expiration date of

the '2815 patent as June 29, 2038.

22.    On information and belief, on March 16, 2021, U.S. Patent No.

10,950,331 ("the '331 patent"), titled "Control System for Control of Distribution

of Medication"—a copy of which is attached hereto as Exhibit 2—was issued to

Zogenix International as the Assignee according to USPTO's patent assignment

listing, Reel 048647, Frame 0991.  FDA's Orange Book lists the expiration date of

the '331 patent as September 28, 2035.

23.13.On information and belief, Zogenix Inc. submitted the '909, '814,

'3815, '260, '441, '442, '183, '2815, and '331 patents patent to FDA for listing in

FDA's Orange Book.  Accordingly, Zogenix Inc. maintains and has affirmatively

represented that the '909, '814, '3815, '260, '441, '442, '183, '2815, and '331

patents claim'183 patent claims the approved drug FINTEPLA® (fenfluramine

hydrochloride) oral solution, EQ 2.2mg base/mL, or a method of using that drug. Therefore, any generic ANDA applicant, including Lupin, attempting to market fenfluramine hydrochloride oral solution, EQ 2.2mg base/mL, before the expiration of the ~~'909, '814, '3815, '260, '441, '442,~~ '183~~, '2815, and '331 patents~~ patent has a reasonable apprehension of suit with respect to ~~all of~~ the ~~'909, '814, '3815, '260, '441, '442,~~ '183~~, '2815, and '331 patents.~~ patent.

~~24.~~14. On information and belief, ~~each of~~ the ~~'909, '814, '3815, '260, '441, '442,~~ '183~~, '2815, and '331 patents~~ patent is owned or co-owned by one or more of Zogenix Inc~~.,~~. and Zogenix International~~, KU Leuven, and UZA~~.

**LUPIN'S ANDA**

~~25.~~15. On June 29, 2021, Lupin submitted ANDA No. 216218 with FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use or sale of fenfluramine oral solution, 2.2 mg/mL CIV ("Lupin's proposed ANDA product").

~~26.~~16. Because Lupin seeks FDA approval to engage in the commercial manufacture, use or sale of Lupin's proposed ANDA product before expiration of the ~~'909, '814, '3815, '260, '441, '442,~~ '183~~, '2815, and '331 patents~~ patent, Lupin's ANDA includes a Paragraph IV ~~certifications~~certification with respect to the ~~'909, '814, '3815, '260, '441, '442,~~ '183~~, '2815, and '331 patents~~ patent.

27.17.Lupin sent a letter dated August 27, 2021 to Counterclaim Defendants notifying them that Lupin submitted ANDA No. 216218 to FDA under 21 U.S.C. § 355(j) and that ANDA No. 216218 included a Paragraph IV certificationscertification that no valid claim of the ʼ909, ʼ814, ʼ3815, ʼ260, ʼ441, ʼ442, ʼ183, ʼ2815, and ʼ331 patents patent would be infringed by the manufacture, use, or sale or offer to sell within, and/or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 ("Lupin's August 27, 2021 Notice Letter").

28.18.In Lupin's August 27, 2021 Notice Letter, Lupin included a detailed statement of the factual and legal bases upon which it based its Paragraph IV certificationscertification and extended to Counterclaim Defendants an Offer of Confidential Access to Lupin's ANDA No. 216218 in accordance with 21 U.S.C. § 355(j)(5)(C)(i)(III).

29.19.On October 6, 2021, Counterclaim Defendants filed a complaint against Lupin alleging that Lupin's proposed ANDA product would infringe the ʼ909, ʼ814, ʼ3815, ʼ260, ʼ441, ʼ442, and ʼ183 patentsʼ183 patent.

30.   In their complaint, Counterclaim Defendants do not allege infringement of the ʼ2815 and ʼ331 patents.

31.20.By listing and maintaining the ʼ909, ʼ814, ʼ3815, ʼ260, ʼ441, ʼ442, ʼ183, ʼ2815, and ʼ331 patents patent in the Orange Book, Counterclaim Defendants

represent that the patents "claim[] the drug for which the applicant submitted the application [FINTEPLA®] ... and with respect to which a claim for patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." *See* 21 U.S.C. § 355(b)(1).

~~32.~~21. Accordingly, by virtue of listing and maintaining the ~~'909, '814, '3815, '260, '441, '442,~~ '183~~, '2815, and '331 patents~~ patent in the Orange Book, Counterclaim Defendants represent that an infringement suit based on ~~any of these patents~~this patent could be asserted against Lupin because Lupin is seeking approval to market its proposed ANDA product before the expiration of the ~~'909, '814, '3815, '260, '441, '442, '183, '2815, and '331 patents~~'183 patent.

~~33.~~22. Unless and until Lupin obtains a court decision of noninfringement and/or invalidity of the ~~'909, '814, '3815, '260, '441, '442, '183, '2815, and '331 patents~~'183 patent, Lupin potentially faces infringement liability if it commences marketing before the expiration of the ~~'909, '814, '3815, '260, '441, '442, '183, '2815, and '331 patents~~'183 patent.

~~34.~~23. A judicial determination of noninfringement and/or invalidity of the ~~'909, '814, '3815, '260, '441, '442, '183, '2815, and '331 patents~~'183 patent in Lupin's favor could affect the timing of Lupin's commercial manufacture, use, or sale of its proposed ANDA product.

35.24.Accordingly, there is an actual, substantial, and continuing justiciable controversy between Lupin and Counterclaim Defendants regarding the ʼ909, ʼ814, ʼ3815, ʼ260, ʼ441, ʼ442, ʼ183, ʼ2815, and ʼ331 patentsʼ183 patent over which the Court can and should exercise jurisdiction and declare the rights of the parties.

## COUNT I
### (Declaratory Judgment of Noninfringement of the ʼ909ʼ183 Patent)

36.25.Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 3524 above as though fully set forth herein.

37.26.The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ʼ909ʼ183 patent.

## COUNT II
### (Declaratory Judgment of Invalidity of the ʼ909ʼ183 Patent)

38.27.Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 3726 above as though fully set forth herein.

39.28.The claims of the ʼ909ʼ183 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting.

40.29. For the reasons explained in Lupin's August 27, 2021 Notice Letter, which is incorporated fully by reference herein, the claims of the '909'183 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 and/or the judicial doctrine of obviousness-type double patenting, in view of the prior art cited therein.

41.   Counterclaimant reserves the right to provide additional and/or modified prior art and bases for invalidity of the '909 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

## COUNT
### (Declaratory Judgment of Noninfringement of the '814 Patent)

42.   Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 41 above as though fully set forth herein.

43.   The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '814 patent.

## COUNT
### (Declaratory Judgment of Invalidity of the '814 Patent)

44.   Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 43 above as though fully set forth herein.

45.    The claims of the '814 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting.

46.    For the reasons explained in Lupin's August 27, 2021 Notice Letter, which is incorporated fully by reference herein, the claims of the '814 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 and/or the judicial doctrine of obviousness-type double patenting, in view of the prior art cited therein.

47.    Counterclaimant reserves the right to provide additional and/or modified prior art and bases for invalidity of the '814 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

**COUNT**
**(Declaratory Judgment of Noninfringement of the '3815 Patent)**

48.    Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 47 above as though fully set forth herein.

49.    The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '3815 patent.

## COUNT
### (Declaratory Judgment of Invalidity of the '3815 Patent)

50.    Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 49 above as though fully set forth herein.

51.    The claims of the '3815 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting.

52.    For the reasons explained in Lupin's August 27, 2021 Notice Letter, which is incorporated fully by reference herein, the claims of the '3815 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 and/or the judicial doctrine of obviousness-type double patenting, in view of the prior art cited therein.

53.    Counterclaimant reserves the right to provide additional and/or modified prior art and bases for invalidity of the '3815 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

## COUNT
### (Declaratory Judgment of Noninfringement of the '260 Patent)

54.    Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 53 above as though fully set forth herein.

55.    The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '260 patent.

### COUNT
### (Declaratory Judgment of Invalidity of the '260 Patent)

56.    Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 55 above as though fully set forth herein.

57.    The claims of the '260 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting.

58.    For the reasons explained in Lupin's August 27, 2021 Notice Letter, which is incorporated fully by reference herein, the claims of the '260 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 and/or the judicial doctrine of obviousness-type double patenting, in view of the prior art cited therein.

59.    Counterclaimant reserves the right to provide additional and/or modified prior art and bases for invalidity of the '260 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

## COUNT
### (Declaratory Judgment of Noninfringement of the '441 Patent)

60.   Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 59 above as though fully set forth herein.

61.   The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '441 patent.

## COUNT
### (Declaratory Judgment of Invalidity of the '441 Patent)

62.   Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 61 above as though fully set forth herein.

63.   The claims of the '441 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting.

64.   For the reasons explained in Lupin's August 27, 2021 Notice Letter, which is incorporated fully by reference herein, the claims of the '441 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 and/or the judicial doctrine of obviousness-type double patenting, in view of the prior art cited therein.

65.   Counterclaimant reserves the right to provide additional and/or modified prior art and bases for invalidity of the '441 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

**COUNT**
**(Declaratory Judgment of Noninfringement of the '442 Patent)**

66.   Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 65 above as though fully set forth herein.

67.   The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '442 patent.

**COUNT**
**(Declaratory Judgment of Invalidity of the '442 Patent)**

68.   Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 67 above as though fully set forth herein.

69.   The claims of the '442 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting.

70.    For the reasons explained in Lupin's August 27, 2021 Notice Letter, which is incorporated fully by reference herein, the claims of the '442 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 and/or the judicial doctrine of obviousness-type double patenting, in view of the prior art cited therein.

71.    Counterclaimant reserves the right to provide additional and/or modified prior art and bases for invalidity of the '442 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

## COUNT
### (Declaratory Judgment of Noninfringement of the '183 Patent)

72.    Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 71 above as though fully set forth herein.

73.    The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '183 patent.

## COUNT
### (Declaratory Judgment of Invalidity of the '183 Patent)

74.    Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 73 above as though fully set forth herein.

75.     The claims of the '183 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting.

76.     For the reasons explained in Lupin's August 27, 2021 Notice Letter, which is incorporated fully by reference herein, the claims of the '183 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 and/or the judicial doctrine of obviousness-type double patenting, in view of the prior art cited therein.

77.     Counterclaimant reserves the right to provide additional and/or modified prior art and bases for invalidity of the '183 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

## COUNT
### (Declaratory Judgment of Noninfringement of the '2815 Patent)

78.     Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 77 above as though fully set forth herein.

79.     The manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV, that is the subject of ANDA No. 216218 would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '2815 patent.

## ~~COUNT~~
### ~~(Declaratory Judgment of Invalidity of the '2815 Patent)~~

~~80.     Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 79 above as though fully set forth herein.~~

~~81.     The claims of the '2815 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of obviousness-type double patenting.~~

~~82.     For the reasons explained in Lupin's August 27, 2021 Notice Letter, which is incorporated fully by reference herein, the claims of the '2815 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 and/or the judicial doctrine of obviousness-type double patenting, in view of the prior art cited therein.~~

~~83.     Counterclaimant reserves the right to provide additional and/or modified prior art and bases for invalidity of the '2815 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.~~

## ~~COUNT~~
### ~~(Declaratory Judgment of Noninfringement of the '331 Patent)~~

~~84.     Counterclaimant repeats and reasserts the allegations in paragraphs 1 through 83 above as though fully set forth herein.~~

~~85.    The manufacture, use, sale, or offer to sell within, and/or importation~~

~~into, the United States of the proposed fenfluramine oral solution, 2.2 mg/mL CIV,~~

~~that is the subject of ANDA No. 216218 would not and will not directly or~~

~~indirectly infringe, either literally or under the doctrine of equivalents, any valid~~

~~claim of the '331 patent.~~

### ~~COUNT~~
### ~~(Declaratory Judgment of Invalidity of the '331 Patent)~~

~~86.    Counterclaimant repeats and reasserts the allegations in paragraphs 1~~

~~through 85 above as though fully set forth herein.~~

~~87.    The claims of the '331 patent are invalid for failure to comply with~~

~~one or more of the provisions of Title 35 of the United States Code, including, but~~

~~not limited to, §§ 101, 102, 103, and/or 112 and/or the judicial doctrine of~~

~~obviousness-type double patenting.~~

~~88.    For the reasons explained in Lupin's August 27, 2021 Notice Letter,~~

~~which is incorporated fully by reference herein, the claims of the '331 patent are~~

~~invalid at least under 35 U.S.C. §§ 102 and/or 103 and/or the judicial doctrine of~~

~~obviousness-type double patenting, in view of the prior art cited therein.~~

89.~~30.~~ ~~Counterclaimant reserves the right to provide additional and/or~~

~~modified prior art and bases for invalidity of the '331~~'183 patent in its contentions,

responses to discovery requests, expert reports, and/or pleadings filed and/or

served later in this action.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant respectfully requests the Court to enter judgment against Counterclaim Defendants as follows:

A.      A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ~~'909~~'183 patent;

~~B.      A declaration that the claims of the '909 patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112;~~

~~C.      A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '814 patent;~~

~~D.      A declaration that the claims of the '814 patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112;~~

~~E.      A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '3815 patent;~~

117

F.      A declaration that the claims of the '3815 patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112;

G.      A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '260 patent;

H.      A declaration that the claims of the '260 patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112;

I.      A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '441 patent;

J.      A declaration that the claims of the '441 patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112;

K.      A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '442 patent;

L.     A declaration that the claims of the '442 patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112;

M.     A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '183 patent;

N.     A declaration that the claims of the '183 patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112;

O.     A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '2815 patent;

P.     A declaration that the claims of the '2815 patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112;

Q.     A declaration that Counterclaimant has not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '331 patent;

R.B.   ~~A declaration that the claims of the '331~~ patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112;

S.C.   A declaration that Counterclaim Defendants take nothing by their Complaint;

T.D.   A dismissal of Counterclaim Defendants' Complaint with prejudice;

U.E.   An award to Counterclaimant of its reasonable costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

V.F.   An award of any other and further relief that this Court may deem just and proper.

Dated: ~~December 6, 2021~~February 2, 2023

PHILLIPS, McLAUGHLIN & HALL, P.A.


*/s/ John C. Phillips, Jr.*
John C. ~~Philips~~Phillips, Jr. (# 110)
David A. Bilson (# 4986)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Of Counsel*
Keith D. Parr
Nina Vachhani
Smitha B. Uthaman
Leah M. Brackensick
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700

*Attorneys for Lupin Ltd.*